THE TRUSTEES OF SCHOOLS, Appellees, *vs.* JOHN GRIFFITH *et al.* Appellants.

*Opinion filed June 16, 1914.*

1. SCHOOLS—*in whom title to school property is vested.* Title to school property is vested, under the statute, in the trustees of the township within which the property is located, and is held in trust for the use of the inhabitants of the several school districts to which the property belongs.

2. SAME—*fact that school district is in two townships does not create joint ownership.* The fact that a school district is in two townships does not create a joint ownership of school property between the trustees of the two townships but the legal title is in the trustees of the township where the property is located.

3. EMINENT DOMAIN—*formal orders adjourning hearing of a condemnation proceeding in vacation are unnecessary.* Jurisdiction over a condemnation proceeding begun in vacation does not depend upon the entry of formal orders of continuance when it becomes necessary to adjourn the hearing from day to day or from time to time, and it is sufficient, where the parties are before the court, if the announcement of adjournment is publicly made from the bench.

4. SAME—*circuit or county court hearing condemnation case in vacation is not governed by rules applied to justices of peace.* The circuit or county court, when hearing a condemnation proceeding in vacation, is still a court of record, and is not governed by the rule applied to justices of the peace, who have no stated terms of court, that their dockets must contain evidence of all that has taken place, including adjournments.

5. SAME—*when amount of a condemnation verdict will stand on appeal.* Where the jury in a condemnation proceeding have viewed the premises, the evidence as to damages is conflicting and the verdict is well within the range of the evidence, the verdict will not ordinarily be interfered with on appeal, as being insufficient or excessive.

6. CHALLENGE—*what is not ground for challenge to the array.*
The fact that one of the jurors in a condemnation case is not a
freeholder is not ground for a challenge to the array, although the
challenge should be sustained as to the disqualified juror.

APPEAL from the County Court of Lake county; the
Hon. PERRY L. PERSONS, Judge, presiding.

ELAM L. CLARKE, and JOHN D. POPE, for appellants.

MARTIN C. DECKER, (RALPH J. DADY, of counsel,) for
appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This appeal brings up for review a judgment of the
county court of Lake county in a proceeding to condemn
one acre of land for a school house site. The petition was
filed by the trustees of township 43, range 12, east, in Lake
county, for the use of school district No. 112. School dis-
trict No. 112 is located partly in Deerfield township and
the remainder in Vernon township. The school house site
in controversy is wholly within Deerfield township. The
petition for condemnation was presented in vacation and
after several postponements the case was finally tried by a
jury, resulting in a verdict finding the value of the lands
taken to be $475 and that there was no damage to lands
not taken. There was a preliminary finding that appellant
Swift was the sole beneficial owner of the premises sought
to be condemned and that appellant Griffith had no interest
in the premises. The compensation was accordingly as-
sessed to appellant Swift, alone. It appears that appellant
Griffith was merely holder of the naked legal title for the
exclusive use and benefit of Swift. There is no contention
here that Griffith had any beneficial interest in the premises.
While appellants join in the appeal and have jointly as-
signed error upon the record, it will be unnecessary to con-
sider any error in so far as appellant Griffith is concerned.

Having no interest in the premises he could not be injured by any error that may have been committed in the proceeding.

It is first contended by appellants that the court erred in its ruling upon a plea filed by appellants which alleged that appellees had no authority to condemn a site for a school house because of alleged irregularities in connection with the election held for the purpose of voting upon the selection of the particular site sought to be condemned. The hearing upon the issue raised by this plea involved questions of fact upon which evidence was heard. The hearing upon this plea was had on the second day of August, 1913, and the evidence was preserved in a bill of exceptions which under the order of the court was to be presented and filed within thirty days from the date of the hearing. The bill of exceptions was not filed until after the time fixed by the order of the court had expired. Appellees made a motion to strike said bill of exceptions from the files, and upon consideration of said motion this court sustained the same and announced its holding in open court at the February term. The striking of this bill of exceptions from the files leaves nothing in the record upon which the assignment of error questioning the ruling of the court upon the plea can stand. This eliminates all question as to the regularity of the election and the authority of appellees to condemn the school house site involved.

After the plea had been disposed of a demurrer was filed to the petition, which was sustained. Afterwards an amended petition was filed, and a demurrer was interposed to the amended petition. This demurrer was overruled. The principal ground urged in support of the insufficiency of the petition was the motion to make the trustees of Vernon township petitioners. After the demurrer to the amended petition was overruled appellants filed a plea to the jurisdiction of the court, and appellant Swift filed a cross-petition claiming damages to land not taken, and par-

ticipated in all of the subsequent proceedings up to and including the trial upon the merits. We might safely rest our judgment, so far as the error assigned in overruling the demurrer is concerned, upon the ground that appellants waived the demurrer by filing pleas and a cross-petition after the ruling upon the demurrer, but we are of the opinion that even if the point insisted upon was properly preserved there is no merit in appellants' contention. The title to school property, under the statute, is vested in the trustees of the township within which the property is located. It is held in trust for the use of the inhabitants of the several school districts to which the property belongs. In the case at bar, the fact of school district No. 112 being in two townships does not create a joint ownership, as between the trustees of the two townships, of the school property of this district. The legal title is in that board of trustees of the township within which the property is located. In this case the school site was entirely within Deerfield township. When acquired, the title will vest in the trustees of that township for the benefit of the school district to which the property belongs. The condemnation proceeding was therefore properly commenced by the trustees of Deerfield township, and the trustees of Vernon township have no interest whatever in this proceeding.

Appellants interposed a plea, which they term a plea to the jurisdiction of the court, setting up that after the commencement of this proceeding there were numerous adjournments of the court from time to time, without any formal order entered continuing the cause to the date to which the adjournment was had. This plea was demurred to and the demurrer sustained, and the ruling of the court is assigned as error. This plea presented no legal ground why the court should not proceed to the final determination of the proceeding. It was commenced in vacation, and under the statute the courts are always open for proceedings of this character. The manifest purpose of the legislature

in providing for the hearing of condemnation proceedings in vacation was to avoid delays which would necessarily occur if such proceedings could not be heard except in term time. The only difference between a hearing in vacation and one in term time is, that the judge must fix a day for the hearing and order a special jury, but when the court convenes for the purpose of hearing it is a court organized for the purpose of hearing that cause and has all of the power and authority that would exist if the court were regularly convened in term time. The statute under which the court proceeds in a condemnation proceeding in vacation does not require that when it is necessary to adjourn the hearing from day to day or from time to time there must be a written order entered upon the record showing the adjournment of the court, and in the absence of such requirement we can see no reason why the jurisdiction of the court should be made to depend upon the formal entry of such order. When the parties are all before the court and it becomes necessary to adjourn the further hearing of the case to some future day it is usually done by public announcement from the bench, and every one interested in the proceeding has due notice when the hearing will be resumed. When such notice is had all the rights of the parties are as fully and completely preserved as they would be if the clerk should note in the record that the further hearing of the case has been postponed until a future time.

It is argued that the circuit or county court, when proceeding in vacation to hear a condemnation case, should be governed by the same rules that are applied to justices of the peace, who have no stated terms of court. We fail to see the force of this argument. A justice of the peace is not a court of record, and the law requires that the docket of such courts shall contain the evidences of all that has there taken place; hence the requirement that where a case is adjourned over to a later date by a justice of the peace it is necessary that the fact should be noted in his docket.

But this rule has no application to courts of record, and circuit and county courts, when proceeding in vacation, are still courts of record.  While it would be a safer practice and avoid difficulties from possible misunderstanding as to the time to which the cause had been postponed to preserve a written notation of the fact, still we are not prepared to hold that the jurisdiction of the court to continue with the condemnation proceeding will be lost unless such adjournment is noted in the record.

Appellants preserved an exception to the refusal of the court to sustain a challenge to the array of trial jurors.  The ground of the challenge appears to be that one of the jurors was not a freeholder.  The court overruled the challenge to the array but sustained the challenge to the disqualified juror.  There was no error in this ruling.

Appellants insist that the damages awarded are inadequate.  There is a wide difference between the values testified to by the witnesses for appellants and appellees.  Appellees' witnesses testify that the acre of land sought to be condemned was worth from one dollar to $300, while appellants' witnesses place the value very much higher, some of them testifying that the acre of land was worth from $1000 to $1200.  The jury were permitted to view the premises, and after such view, and taking the evidence all into consideration, they fixed the compensation at $475.  We are satisfied that the verdict is the result of the honest judgment of the jury after a full and mature consideration of all the evidence, assisted by their view of the premises.  The acre of land condemned is in the corner of the tract and the jury were of the opinion that there was no damage to the remainder of the land, and this seems to us to be a fair and reasonable conclusion.  The finding of the jury is well within the evidence, and where this is true and the evidence is conflicting and the jury have viewed the premises, it is usually safer to adopt the values fixed by the jury than to substitute our own judgment therefor.  Unless the

amount of damages awarded is so excessively high or low as to indicate that the verdict must have been the result of some prejudice, passion or undue influence, or other improper cause, this court will not ordinarily disturb it. *South Park Comrs.* v. *Ayer,* 245 Ill. 402.

Complaint is made of the giving of certain instructions, but we are of the opinion that no serious error was committed in this regard.

Finding no error in the record the judgment of the county court of Lake county is affirmed.

*Judgment affirmed.*