## Charles B. Richter, Appellee, v. Chicago & Erie Railroad Company, Appellant.

## Gen. No. 19,284.

1. APPEAL AND ERROR, § 839*—*when extension of time following Lincoln's birthday inoperative.* Where plaintiff secured a verdict and judgment, and the court gave defendant sixty days from December 14, 1912, to file a bill of exception, the time for the filing of the bill under the order ordinarily expiring on February 11, 1913, an order of court on February 13, 1913, extending the time for filing of the bill comes too late and the Appellate Court will strike from the record a bill of exceptions filed within the attempted second extension since Lincoln's birthday, February 12th, is not a holiday with reference to the performance of judicial functions or clerical duties by the officers of the court such as to excuse the failure to file the bill of exceptions within the time allowed by the court expiring on that day.

2. HOLIDAYS, § 1*—*how Lincoln's birthday not dies non juridicus.* On a motion to strike a bill of exceptions filed after the expiration of the time given within which to file such bill of exceptions, the fact that the time given expired on Lincoln's birthday, *held* not to excuse the filing of the same, since Lincoln's birthday is not a holiday with reference to the performance of judicial functions or clerical duties by officers of the court.

3. APPEAL AND ERROR, § 1595*—*when declaration aided by verdict.* Upon a motion in arrest of judgment upon a verdict in favor of plaintiff, if the declaration contains terms sufficiently general to include by fair and reasonable intendment any matters necessary to be proved and without which the jury could not have given the verdict, the want of an express averment is cured by the verdict.

4. MASTER AND SERVANT, § 555*—*when verdict negatives assumption of risk.* In an action by a brakeman for the loss of a foot while uncoupling cars in a moving train, upon a motion in arrest of judgment upon a verdict, *held* that the declaration must be construed to state a cause of action and to negative the assumption of risk by the plaintiff, after verdict all intendments and presumptions being in favor of the pleader.

Appeal from the Circuit Court of Cook county; the Hon. JOHN A. DOWDALL, Judge presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed March 8, 1915.

*See Illinois *Notes Digest,* Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

W. O. JOHNSON and BULL & JOHNSON, for appellant.

I. T. GREENACRE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff Richter, a brakeman in the service of the defendant, the Chicago & Erie Railroad Company, brought this action to recover for the loss of his foot while uncoupling cars in a moving train. There was a verdict and judgment for the plaintiff for nineteen hundred and fifty dollars damages, from which the defendant appealed. The court gave the defendant sixty days from December 14, 1912, to file a bill of exceptions. The time for filing the bill under this order would ordinarily expire February 11th, and no bill of exceptions was signed or filed on or before that date. February 13th, over the objection of plaintiff, an order was made extending the time for filing the bill to March 1st, and February 28th the bill was filed. In *Trustees of Schools v. Griffith*, 263 Ill. 550, it was said (p. 552) that the bill of exceptions was not filed until after the time fixed by the order of the court had expired, and the motion of the defendant to strike the bill from the files was sustained and the holding of the court announced in open court at the February term. The files and record of the Supreme Court show the motion of appellees and that appellants filed in opposition thereto points in which it was admitted that under the order the time for filing the bill of exceptions would ordinarily have expired August 31st, and that the bill was not filed until September 2nd; but it was contended that as September 1st was Labor Day and a legal holiday, that therefore the time for filing the bill was by operation of law extended to September 2nd. The oral announcement of Mr. Justice Cartwright was as follows:

"There is also a motion by appellee to strike the bill of exceptions because not filed within the time allowed

by the Court. It was not filed within the time and the reason or excuse offered is that the time expired on the 2nd of September, on Monday, which was Labor day and consequently a holiday. Labor day is a holiday for certain purposes specified. It is not a holiday with reference to the performance of judicial functions or clerical duties by officers of the Court and is no excuse for not filing the bill of exceptions in the time allowed by the Court. The motion is allowed and the bill stricken from the files.''

In the present case February 12th was Lincoln's birthday, and under the rule announced in the case cited it was not a holiday, and it was no excuse for not filing the bill of exceptions in the time allowed by the court that February 12th was Lincoln's birthday. For the reason stated the bill is stricken from the files.

The striking of the bill of exceptions from the files leaves only the question whether the court erred in overruling defendant's motion in arrest. After verdict all intendments and presumptions are in favor of the pleader, and if a declaration contains terms sufficiently general to include, by fair and reasonable intendment, any matters necessary to be proved and without which the jury could not have given the verdict, the want of an express averment of such matter is cured by verdict. *Sargent Co. v. Baublis*, 215 Ill. 428.

We think that after verdict the declaration must be held to state a cause of action and to negative the assumption of risk by the plaintiff, and that the court did not err in overruling defendant's motion in arrest.

The motion to strike the bill of exceptions from the record is sustained, and the judgment of the Circuit Court is affirmed.

*Affirmed.*