Common Pleas Court of Franklin County.

## MORGAN ET AL V. THE FASHION CO. ET AL.

Decided April 5, 1932.

*Ray A. McFayden,* for plaintiff.
*E. J. Schanfarber,* for defendant.

LEACH, J.

The petition states that the bulk sale in question was made on the first day of March 1930. The petition was filed on May 31st, 1930. It seems to be conceded that Section 11103-1 General Code requires the application or petition of a creditor desiring to hold such purchaser as a trustee to be made or filed within ninety days after such sale. Since the petition was not filed until the following day, the demurrer raises the question as to whether said petition was filed in time. The plaintiffs contend that since May 30th was Decoration Day and a holiday that pursuant to Section 8298 General Code they had until the following day to file such petition. Said Section 8298 General Code provides:

"When the day or the last day for doing any act *herein required* or permitted to be done falls on Sunday, or on a holiday, the act may be done on the next succeeding secular or business day."

And Section 8301 General Code provides in part as follows:

"\* \* \* The thirtieth day of May, known as Decoration or Memorial Day; \* \* \* and any day which may hereafter be made a legal holiday, *shall for the purpose of this division,* be holidays."

Both of said statutes are a part of the negotiable instruments act.

It is said in 29 Corpus Juris, 762, that:

"A legal holiday other than Sunday has effect as a holiday only as to those acts and transactions which are designated in the statute establishing the day."

And in *Richter* v. *Chicago,* 273 Ill. 625, it was held:

"The rule is, that if a day be made a holiday for purposes stated in the statute creating it, it is not a legal holiday for any purpose not named in the statute."

It is to be noted that the holidays listed in Section 8301 General Code "shall be holidays for the purpose of this division"; that is, Division 2 of the statutes relative to negotiable instruments. The Ohio legislative intent relative to holidays is peculiar. In contra distinction to the holidays created for the purposes of the negotiable instruments act, Section 5977 General Code provides that the first Monday in September of each year shall be known as Labor Day, and *for all purposes* shall be considered as the first day of the week. The eleventh day of November shall be known as Armistice Day and is hereby declared to be a legal holiday.

We have also to consider Section 10216 General Code which provides that:

"Unless otherwise specifically provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be Sunday."

In the case of *Neiswander* v. *Brickner et al* 116 O. S. 249, it is held in the third branch of the syllabus that:

"Section 10216, General Code, applies generally to all

acts required or permitted by law to be done, and is not limited in its application to Part Third of the General Code."

On the other hand we have seen that Sections 8298 and 8301 General Code are limited by the terms thereof to Division 2 of the statutes, being the negotiable instruments code.

Labor Day, as we have seen, has a peculiar standing in the law relative to holidays, since it is for all purposes to be "considered as the first day of the week" and it was in *Cincinnati Traction Co.* v. *Krauss*, 28 O. A. 205 held that:

"Where the last day for filing bill of exceptions under Section 11564, General Code, fell on Labor Day, it was permissible to file exceptions on the day following, under Section 5977, which provides that Labor day, for all purposes, shall be considered as the first day of the week, and Section 10216, which requires exclusion of Sundays in computing time for doing acts required by law; the first day of the week being interpreted as Sunday under Section 13044."

That holidays created solely for the purpose of the negotiable instruments act are to be distinguished from holidays created by statute for all purposes is recognized in the 4th syllabus of the case of *Norman* v. *State*, 109 O. S. 213, the language of said syllabus being:

"The 12th day of October, by virtue of Section 8301, General Code, is made a legal holiday for the purpose of the 'negotiable instruments act', but a trial and verdict of conviction in a criminal case are not rendered invalid because taking place on that day."

As against this there is a *dictum* in the case of *Oberer* v. *State*, 8 C. C. (N. S.), 93, to the effect that a holiday counts unless it is the last day. This had to do with the question of whether a motion for new trial was filed in time, the Court holding that it had not been so filed. The language of the Court is:

"The motion for a new trial was not filed in time. The trial was on the 24th of November, 1903. The motion for a new trial was filed November 28th. An affidavit was

filed by defendant's attorney setting up that the 26th was a national holiday, and that on the 27th he was engaged in another trial, and on account of illness in the affiant's family he was prevented from filing the motion. This is not a sufficient excuse. A holiday counts unless it is the last day, and the excuse does not apply to all three days allowed by the statute."

That the statement is *obiter dictum* is clearly to be observed because it was not claimed that the last day was a holiday. The exact question therefore was not in the Court's mind and was not passed upon.

It is true that at common law and by statutes in many states when the last day of a period in which an act is to be done falls on a legal holiday, that day is excluded and the act may be done on the next succeeding day. Our statute, however, Section 10216 General Code, having expressly provided that the last day shall be included unless it be Sunday, and unless otherwise specifically provided, the statute, we think, must take the place of the common law and when we look to see whether or not it has been "otherwise specifically provided" we do not find any such provision applicable to the facts here since the holidays provided in Section 8301 General Code are for the purpose of negotiable instruments act only. Neither does it appear that in view of the specific provision of Section 10216 General Code, that the court may hold that such a day as Decoration Day is a holiday for all purposes as well as for the purposes of the negotiable instruments act by reason of the custom pursuant to which it is generally observed as a holiday. Custom cannot amend a specific statute.

The conclusion we have arrived at seems to be somewhat harsh and we have unsuccessfully sought for a reason which would permit us to hold otherwise. Feeling, however, that we are bound by the statutes as enacted, the above reasoning leads to the conclusion that the demurrer must be sustained.