## A. J. Lindquist v. State Bank of Chicago.

### Gen. No. 13,588.

BILL OF EXCEPTIONS—*when not in custody of court.* A bill of exceptions handed to the clerk of the court, even though O. K.'d by opposing counsel, with instructions to the clerk to file the same after its approval by the court, is not in contemplation of law in the custody of the court, and cannot, after the lapse of the time provided for its presentation, be signed by the court, nor can the same, at a subsequent term, be signed by such court *nunc pro tunc* as of a time within the presentation period.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed January 27, 1908.

OSCAR D. OLSON and O. C. PETERSON, for appellant.

STEELE & THOMPSON and CHARLES HUGHES, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee sued appellant in *assumpsit* and recovered judgment for the sum of $612.57, from which judgment this appeal is. The appellee moved here to strike the bill of exceptions from the record, and the motion was reserved till the hearing of the cause. The judgment was entered December 29, 1906, a day of the December term of the court, and the appellant prayed an appeal, which was allowed on his filing an appeal bond and bill of exceptions within thirty days from December 29, 1906.

March 4, 1907, the following order, entitled in the cause, was entered: "On motion of defendant for order of court, to permit him to file his bill of exceptions herein, *nunc pro tunc* as of date January 26, 1907, it appearing to the court that, prior to said date, the said bill of exceptions had been submitted to the

plaintiff's attorneys for examination and found by them to be correct, as appearing by the 'O. K.' mark in an unusual place, and was never called to the court's attention, nor seen by the court, and that on the said date, January 26, 1907, the defendant also delivered the said bill of exceptions to the clerk of this court, for the approval and seal of said court to be thereto attached, and instructed said clerk to file the same in this cause, when approved by the court; and it further appearing to the court that the signing and filing of said bill of exceptions has been overlooked and omitted, and that said bill has, since said date, been in the sole possession and custody of the court, it is therefore ordered by the court that said bill of exceptions be approved, signed and filed *nunc pro, tunc* as of and for said date, January 26, A. D. 1907, and the same is hereby done accordingly.''

The bill of exceptions in the record concludes thus: ''Which is done *nunc pro tunc* as of and for January 26, 1907, the fourth day of March, A. D. 1907,'' and is signed, ''George A. Dupuy, (Seal), Judge.''

The time to file a bill of exceptions by the order of December 29, 1906, expired January 28, 1907, which was a day of the January term, 1907, of the court, and there was no extension of this time fixed after the order of December 29, 1906. March 4, 1907, was a day of the February term 1907 of the court.

The question to be determined is, whether the court had jurisdiction to enter the *nunc pro tunc* order of March 4, 1907. It appears from that order that, January 26, 1907, appellant deposited with the clerk of the court what purported to be a bill of exceptions marked ''O. K.'', and instructed the clerk to file it when approved by the court. It also appears from the order that the clerk never presented to the presiding judge the bill of exceptions. The order recites that it was never called to the judge's attention, and that he had never seen it.

The court held, as is apparent from the order, that

the bill of exceptions was in the custody of the court from the time it was delivered by appellant's attorney to the clerk, to file the same when approved. It is a question of law whether such delivery and instruction to the clerk placed the instrument in the custody of the court, and we dissent from the proposition that it did. An unfiled document, and especially a document which cannot properly be filed until action is taken in respect to it by the presiding judge, when delivered to the clerk, with the implied instruction not to file it till the presiding judge shall approve it, is certainly not in the possession of the court, nor is it even in the official possession of the clerk. If the clerk had lost the bill of exceptions, and the appellant, claiming that he was damaged thereby, had sued the clerk and his sureties on his official bond, we think it plain that the suit could not be maintained.

It does not appear from the *nunc pro tunc* order, or otherwise, that the clerk was requested or undertook to present the bill of exceptions to the presiding judge. It is no part of the clerk's duty to present to the judge of the court, for his approval, a bill of exceptions. This is the duty of counsel, and the clerk's official duty in respect to a bill of exceptions does not commence until it has been signed, sealed (when sealing is required), and made a part of the record by the presiding judge. When the order of March 4, 1907, was made, the court had lost jurisdiction of the cause, and the order is void. Hill v. City of Chicago, 218 Ill. 178; Pieser v. Minkota Milling Co., 222 *ib.* 139.

No question is argued by appellant's counsel which does not require a bill of exceptions. The bill of exceptions will be stricken from the transcript of the record and the judgment will be affirmed.

*Affirmed.*