CHARLES B. RICHTER, Appellee, *vs.* THE CHICAGO AND
ERIE RAILROAD COMPANY, Appellant.

*Opinion filed June 22, 1916.*

1. BILLS OF EXCEPTIONS—*when court is without power to extend time to file bill of exceptions.* If the term at which a cause was disposed of has expired and thereafter the time allowed for filing a bill of exceptions expires without any order having been made extending the time, the court is without power to thereafter make an order extending the time for presenting and filing the bill.

2. SAME—*rule where last day for filing bill of exceptions falls on holiday.* The statute which provides that in counting the time within which any act provided by law is to be done the first day shall be excluded and the last day included, unless the last day is Sunday, and then it shall also be excluded, does not apply to holidays unless they fall on Sunday.

3. HOLIDAYS—*day is not a holiday except for purpose stated in statute creating it.* If a day is made a holiday for purposes stated in the statute creating it, it is not a legal holiday for any purpose not named in the statute.

4. SAME—*Lincoln's birthday is not a legal holiday for performance of judicial functions.* Lincoln's birthday is made a holiday, in Illinois, for certain purposes in regard to negotiable instruments, but it is not a legal holiday for performance of judicial functions.

5. PLEADING—*an objection that the declaration does not negative assumed risk is not good after verdict.* An objection that the declaration in an action for personal injury fails to negative assumed risk is not good after verdict, where no demurrer was filed to the declaration.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN A. DOWDALL, Judge, presiding.

W. O. JOHNSON, and BULL & JOHNSON, for appellant.

I. T. GREENACRE, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellee, a brakeman in the service of the Chicago and Erie Railroad Company, appellant, brought this action in case in the circuit court of Cook county to recover damages against appellant for the loss of his foot while employed by the company in uncoupling cars on one of its moving trains. He recovered a judgment for $1950 after motions for new trial and in arrest of judgment had been overruled by the court. Appellant prosecuted an appeal to the Appellate Court. The Appellate Court affirmed the judgment and granted a certificate of importance, and appellant has perfected its appeal to this court.

In the trial court appellant was given sixty days from December 14, 1912, in which to file a bill of exceptions. The last day allowed for filing the bill of exceptions expired February 12, 1913. That day was Lincoln's birthday and it was not Sunday. No bill of exceptions was filed or presented to the trial judge on or before that date and no order was made by the court on or before that date extending the time for filing the bill of exceptions. On February 13, 1913, appellant presented the bill of exceptions to the trial judge, and an order was made by the court, over the objections of appellee, extending the time for filing the bill of exceptions to March 1, 1913, and on February 28, 1913, the bill of exceptions was filed. On motion of appellee the Appellate Court struck the bill of exceptions from the record. The cause was then heard by that court on the errors assigned on the common law record. The only question presented to the Appellate Court on the common law record for consideration was whether or not the trial court erred in overruling the motion in arrest of judgment.

The first error assigned by appellant in this court is that
the Appellate Court erred in striking the bill of exceptions
from the record. The rule in this State is that a bill of ex-
ceptions must be presented to the trial judge for signature
during the term at which the cause is disposed of, or within
such further time as shall be limited by the court by an
order entered during that term. If the court shall be in ses-
sion at any succeeding term before the expiration of the
time granted, the court may, prior to the expiration of the
time granted, and during such succeeding term, make an-
other order extending the time within which the bill of ex-
ceptions may be filed; but if the term at which the cause
was disposed of is adjourned and thereafter the period
first fixed for filing the bill of exceptions expires without
an order providing for an extension of time, the court, sub-
sequent to the expiration of that period, is without juris-
diction to make an order extending the time within which
to present the bill of exceptions. (*Pieser* v. *Minkota Mill-
ing Co.* 222 Ill. 139.) It is apparent that the court had no
power to extend the time to file the appellant's bill of ex-
ceptions unless the contention of the appellant that the time
was extended by law to the 13th day of February, 1913,
by reason of the fact that the 12th day of February was a
legal holiday, can be sustained. Paragraph 11 of section 1,
chapter 131, of the Revised Statutes of Illinois, provides
that in counting the time within which any act provided
by law is to be done, the first day shall be excluded and
the last day shall be included unless the last day is Sunday,
and then it also shall be excluded. That section, however,
only applies when the last day of the time limited falls on
a Sunday. It has no application to a case where the last
day of the time limited falls on a holiday unless the holi-
day falls on Sunday. Moreover, Lincoln's birthday is not
a holiday in this State so far as the performance of judi-
cial functions is concerned. It is made a legal holiday by

statute in this State for certain purposes in regard to nego-
tiable instruments. The rule is, that if a day be made a
holiday for purposes stated in the statute creating it, it is
not a legal holiday for any purpose not named in the stat-
ute. (21 Cyc. 440.) So far as the performance of legal
functions is concerned, Lincoln's birthday, not falling on
a Sunday, is the same as any other day, and should be
counted as a part of the time in which bills of exception
are allowed to be filed although the last day may be on Lin-
coln's birthday. This question was settled by this court in
*Trustees of Schools* v. *Griffith,* 263 Ill. 550. In that case
the court fixed the time in which a bill of exceptions should
be filed. The time expired on Labor day. The bill was
not filed on or before that day, and the same contention
was made in that case as appellant is making in this case,—
*i. e.,* that Labor day should be excluded from the count.
The ruling of the court was announced orally by Justice
Cartwright, and the holding in that case was the same as
here announced, and we see no reason for departing from
that decision. The fact that the courts of Cook county
were closed on Lincoln's birthday can make no difference
in this case. There is no reason shown in this record why
the same could not have been presented to the trial judge
whether the courts were in session or not, and a presenta-
tion to him in vacation on February 12, the last day given
in which to file the bill, would have been in time and the
presentation sufficient to entitle appellant to file it when
the clerk's office should open. As a matter of fact it was
not filed for more than twenty-five days after the time had
expired.

The bill of exceptions having been properly stricken
from the record by the Appellate Court, the only remaining
question presented by the record for our consideration is
whether or not the Appellate Court erred in sustaining the
trial court in overruling the motion in arrest of judgment.

The declaration consists of three counts. The first count charges, in substance, that the company negligently kept and maintained a Janner coupling device on one of its freight cars and negligently permitted the same to be in a bad state of repair so that the same could not be operated with safety, and that by reason thereof appellee was injured. The second count charged that appellee was injured by reason of the negligent failure of appellant to keep its track and guard-rail where he was injured in a reasonably safe condition by blocking or filling the space between the same so that his foot could not be caught, etc. The third count charged appellant with injuring appellee by reason of its negligent use of the said defective coupler and the failure of appellant to provide a safe track, as set forth in the previous counts. The three counts of the declaration appear to be all good counts with this one exception: every one of the counts fails to aver that appellee did not know of the defects and danger complained of and had not equal means of knowledge thereof with appellant,—or, in other words, that appellee failed to negative the assumed risk in every count. Assuming that the doctrine of assumed risk was applicable to every count of the declaration, appellant's contention cannot be sustained. No demurrer was filed to the declaration and the declaration must be held good after verdict. *Ide* v. *Fratcher,* 194 Ill. 552; *Linquist* v. *Hodges,* 248 id. 491.

As the other errors assigned on this record cannot be considered for want of a bill of exceptions and for the reasons aforesaid, the judgments of the Appellate and circuit courts are affirmed.                          *Judgment affirmed.*