(No. 11223.—Writ denied.)
THE PEOPLE *ex rel.* Bert Hamilton, Relator, *vs.* CLINTON F. IRWIN, Circuit Judge, Respondent.

*Opinion filed February 20, 1918—Rehearing denied April 3, 1918.*

MANDAMUS—*judge cannot be compelled to sign bill of exceptions after time fixed for filing.* Where a bill of exceptions is not presented within the time fixed for presenting and filing the same and no application is made before the expiration of such time for a further extension, the judge cannot be compelled, by *mandamus,* to sign the bill of exceptions and order it filed *nunc pro tunc* as of a date previous to the expiration of the time fixed for presenting and filing, although such time expired during a recess in the term.

ORIGINAL petition for *mandamus.*

A. G. KENNEDY, for relator.

LOWELL B. SMITH, and EDWARD M. BURST, for respondent.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an original proceeding in *mandamus* by relator, Bert Hamilton, against respondent, Clinton F. Irwin, judge of the circuit court of DeKalb county, to compel the respondent, as such judge, to sign a certain bill of exceptions taken of the evidence in the cause tried before him in the circuit court of that county wherein the relator was convicted of the crime of rape and sentenced to the peniten-

tiary at Joliet for the term of fifteen years. By stipulation entered into between the parties a reference of the cause to a jury or commissioner to try the issues of fact was waived and the cause submitted to the court upon the pleadings and bill of exceptions attached to the petition as an exhibit, by which it is agreed that all matters and things shown and contained in the statement of facts shall be given the same force and effect as if established by the sworn testimony of witnesses or other competent evidence on a trial before a jury or a commissioner upon proper reference by this court.

The facts disclosed by the record are, that relator, Bert Hamilton, had been previously convicted of the crime of rape in the circuit court of DeKalb county and a judgment rendered on the verdict of the jury sentencing him to the penitentiary at Joliet for the term of eighteen years. A writ of error was sued out to review the judgment of conviction, and at the June, 1915, term of this court said judgment was reversed and the cause remanded for a new trial. (*People* v. *Hamilton,* 268 Ill. 390.) Relator was again tried at the October, 1915, term of the circuit court of DeKalb county, found guilty, and by the judgment of the court rendered December 21, 1915, he was sentenced to the penitentiary for a term of fifteen years. At the time this judgment was rendered an order was entered by the court (respondent here) giving the relator ninety days in which to prepare and present a bill of exceptions. The October term adjourned February 5, 1916, and the February term of the circuit court of DeKalb county convened February 28. The ninety days allowed for preparing and filing the bill of exceptions expired March 20, 1916. The February term of the DeKalb county circuit court continued until after May 20, 1916, but court was not continuously in session. There were sessions on eight days of the term prior to March 11, but they were not consecutive days. On March 11 an adjournment was taken until March 25. Respondent was the presiding judge throughout the term. Between

March 11 and March 25 respondent was presiding and holding court in the circuit court of Cook county, sitting in the city of Chicago. On March 23, which was three days after the ninety days allowed for presenting and filing the bill of exceptions had expired, counsel for relator presented to respondent at the court house in Chicago a motion entitled in the circuit court of DeKalb county, setting out that the bill of exceptions had not been fully prepared by the official reporter, that the time for filing the same would expire before the next coming in of the court, and asking that the time for presenting and filing the bill of exceptions be extended for a period of thirty days. Respondent indorsed on said motion that the time for filing the bill of exceptions was extended thirty days and signed his name as presiding judge of said court. On the night of March 23 counsel for relator telephoned respondent at his home in Elgin asking permission to change the date of the motion and order from March 23 to March 11, and respondent consented that might be done. Presumably this change was desired for the reason that it had been ascertained the circuit court of DeKalb county had adjourned on March 11 to March 25, and for the further reason that the ninety days' time for the filing of the bill of exceptions had expired on March 20. The motion and order were not filed until April 19.

We deem it unnecessary to set out the further proceedings had in an attempt to procure the signing of the bill of exceptions by the respondent after March 23 and up to May 20, when the motion and order of March 23, bearing date of March 11, were stricken from the files and the respondent refused to sign the bill of exceptions. The time fixed (ninety days) for filing the bill of exceptions had expired March 21, and that time had not been extended by any order of the court, nor had any application been made to the court for any extension of time. Independent of the fact that the circuit court of DeKalb county was not in session when the application for an extension of time was made,

March 23, and the application was presented to respondent while sitting as a judge of the circuit court of Cook county, in the city of Chicago, the ninety days' time given for the filing of the bill of exceptions had expired two days before March 23, and the court was without jurisdiction to then further extend the time. The law is correctly and clearly stated in *Richter* v. *Chicago and Erie Railroad Co.* 273 Ill. 625, as follows: "The rule in this State is, that a bill of exceptions must be presented to the trial judge for signature during the term at which the cause is disposed of or within such further time as shall be limited by the court by an order entered during that term. If the court shall be in session at any succeeding term before the expiration of the time granted, the court may, prior to the expiration of the time granted, and during such succeeding term, make another order extending the time within which the bill of exceptions may be filed; but if the term at which the cause was disposed of is adjourned and thereafter the period first fixed for filing the bill of exceptions expires without an order providing for an extension of time, the court, subsequent to the expiration of that period, is without jurisdiction to make an order extending the time within which to present the bill of exceptions." See, also, *Pieser* v. *Minkota Milling Co.* 222 Ill. 139.

The record shows the bill of exceptions was never presented to respondent within the time originally fixed for presenting and filing the bill of exceptions, and no application was ever made during any term of court, before the time fixed for filing the bill of exceptions had expired, for a further extension of time, and where that is so, a judge cannot be compelled, after the time fixed has expired, to sign the bill of exceptions and order it filed *nunc pro tunc* as of a date previous to the expiration of the time fixed for presenting and filing the same.

The petition will be dismissed and the writ denied.

*Writ denied.*