(No. 19660.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JULIUS DUYVEJONCK, Plaintiff in Error.

*Opinion filed October 19, 1929—Rehearing denied Feb. 8, 1930.*

SCHRIVER & SCHRIVER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and BENJA-MIN S. BELL, State's Attorney, (DAN H. McNEAL, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the county court of Rock Island county under an information consisting of two counts, charging him with unlawful possession and transportation of intoxicating liquor, and brings the cause here for review, contending that a constitutional question has been raised.

Defendant in error has filed a motion to strike the bill of exceptions on the ground that it was filed without legal authority. This motion has been taken with the case and presents the following facts, none of which have been denied by counter-suggestions: On August 1, 1928, Honorable G. O. Dietz, judge of the city court of the city of Moline, sitting in the county court of Rock Island county on account of the absence of the Honorable George D. Long, county judge of Rock Island county, entered an order that the defendant "be given until Saturday, the first day of December, 1928, to file a bill of exceptions." It appears that no action was taken during the August or October terms of the county court of Rock Island county concerning an extension of time for filing bill of exceptions, nor was such bill of exceptions filed during that time but on December 11, 1928, during the December, 1928, term of the county court, plaintiff in error moved to correct the record to read, "that the defendant be given until December 11, 1928, to file bill of exceptions." The motion was supported by an affidavit made by counsel for plaintiff in

error and was allowed over the objection of the People, and an order was entered purporting to extend the time for filing bill of exceptions until January 15, 1929. Defendant in error contends that the court was without jurisdiction on December 11 to make an order extending the time for filing bill of exceptions and that there was no sufficient proof to authorize an amendment of the record of the order of August 1.

It is stated in the affidavit of counsel for plaintiff in error in support of a motion filed on December 11 to correct the record, that the date to which the extension was sought and ordered was, in fact, December 11, but through some error of the clerk of the court in writing up the record the date of the time for extension appeared December 1 instead of December 11.

A party seeking review of a bill of exceptions is required to file such bill within the time allowed by law, which is, during the term at which the judgment is entered, or within such further time as shall be limited by the court by an order entered during that term or extension of such order entered within the time limited. (*People* v. *Irwin,* 283 Ill. 51; *Richter* v. *Chicago and Erie Railroad Co.* 273 id. 625; *Pieser* v. *Minkota Milling Co.* 222 id. 139.) When it appears that a bill of exceptions has not been filed within the time allowed by law this court will strike the same from the record on motion. (*Illinois Improvement Co.* v. *Heinsen,* 271 Ill. 23.) This is true though no such motion has been made in the court in which the bill of exceptions was originally filed. (*Pieser* v. *Minkota Milling Co. supra.*) Unless the record was properly amended, it is clear that the court had no authority on December 11, 1928, to grant an extension of time for filing bill of exceptions, but it had, in fact, lost all jurisdiction of the cause and plaintiff in error was entirely without right to file a bill of exceptions.

An amendment of a record cannot be made by oral testimony or proof of mistake. It is necessary that it be

proved by the production of some note or memorandum from the records or *quasi* records of the court, or by the judge's minutes, or an entry in some book required by law to be kept, or by the papers on file in the cause. Such correction cannot be made either from the memory of witnesses, by affidavit, or from the recollection of the judge himself, but the record must show the basis upon which the amendment or correction is made. *Hubbard* v. *People,* 197 Ill. 15; *Tynan* v. *Weinhard,* 153 id. 598.

It is suggested that the error might readily have occurred by the clerk omitting to write the additional "1" to make the date December 11 instead of December 1. But the language of the record is, "Saturday, the first day of December." This court will take judicial notice of the calendar, and therefore of the fact that December 1, 1928, fell on Saturday while December 11 fell on Tuesday. The minutes kept by the judge on the judge's docket, as well as the record of the clerk, showed that the time limited by the order entered on August 1, 1928, expired on Saturday, December 1, 1928, and not Tuesday, December 11. There is nothing in the record on which the court on December 11 could base an order to correct the record and it was without jurisdiction to do so. Therefore the order extending the time for filing bill of exceptions to January 15, 1929, was void and of no effect, and the motion to strike the bill of exceptions will be allowed.

The only question not raised on the bill of exceptions stricken is that raised by a motion in arrest of judgment: that trial of plaintiff in error invaded his constitutional rights because the information was not properly verified. The record shows that the information, as filed, charged that plaintiff in error committed the crime there alleged "on the 11th day of May in the year of our Lord one thousand nine hundred and ........," and as thus filed the information did not specifically charge an offense within the period of the Statute of Limitations. It also appears

that prior to the entry of a plea herein by plaintiff in error the information was by stipulation amended by inserting the figures "25" in the blank, showing the year in which the alleged crime was committed to be 1925. After the amendment the information was not again sworn to.

It has been frequently held by this court that an information must be verified, and if not re-verified after a material amendment it is open to objection for want of verification. (*People* v. *Shockley,* 311 Ill. 255, and cases there cited; *People* v. *Powers,* 283 id. 438; *People* v. *Honaker,* 281 id. 295; *People* v. *Clark,* 280 id. 160.) The record also shows, however, that after the amendment no motion to quash on the ground of insufficient verification was made. Such a motion was made on the ground of former jeopardy and was overruled and plaintiff in error pleaded not guilty and proceeded to trial and verdict without raising the question of a want of verification. A verification, or lack thereof, does not affect the jurisdiction of the court where the information charges a crime, and while it is an invasion of his constitutional rights to try the accused on an unverified or improperly verified information, yet such an objection may be waived by the accused and is waived by him by proceeding to trial without raising the objection. (*People* v. *Leinecke,* 290 Ill. 560; *People* v. *Reed,* 287 id. 606; *People* v. *Powers, supra.*) In this case the information charged a crime against the laws of the State. While the information was not re-verified after the amendment thereof, no such objection was raised but plaintiff in error proceeded to trial. Invasion of his constitutional right to be tried on a properly verified information was therefore waived.

The judgment of the county court is affirmed.

*Judgment affirmed.*