(No. 22023.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PHILLIP KELLER, Plaintiff in Error.

*Opinion filed October 21, 1933.*

SAMUEL L. GOLAN, (ROY S. GASKILL, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error was indicted at the July, 1928, term of the criminal court of Cook county, charged with larceny and receiving stolen property. Upon his plea of not guilty he was convicted by a jury and sentenced to the penitentiary at Joliet for a term of from one to ten years, which judgment is being reviewed by this writ of error.

The record shows that upon May 20, 1929, an order was entered requiring the filing of a bill of exceptions on

or before June 17, 1929, and that on June 10, 1929, this time was duly extended to and including July 10, 1929. No further order was entered until July 15, 1929, when a *nunc pro tunc* order as of July 10, 1929, was entered extending the time to August 16, 1929. On August 15 another order was entered extending the time to September 15, 1929, and no further order until October 4, 1929, when another *nunc pro tunc* order as of September 14, 1929, was entered purporting to extend the time to November 15, 1929. No bill of exceptions was presented until June 25, 1930, which was signed on July 30, 1930. Upon this state of the record, and upon motion of the Attorney General, we entered an order in this court at the June, 1933, term striking the bill of exceptions from the files, it being apparent that all of the orders of the criminal court purporting to extend the time for filing bill of exceptions subsequent to the order of June 10, 1929, were without jurisdiction and totally void. *Hake* v. *Strubel,* 121 Ill. 321; *Richter* v. *Chicago and Erie Railroad Co.* 273 id. 625.

The plaintiff in error relies upon five assignments of error, as follows: (1) The evidence is insufficient to support the verdict; (2) the verdict and judgment are against the manifest weight of the evidence; (3) the court erred in admitting incompetent and highly prejudicial evidence on behalf of the People; (4) the court erred in giving People's instructions numbered 2 and 5; and (5) the court erred in refusing to give instruction No. 6 on behalf of the defendant. It will be seen that none of the foregoing assignments of error are based upon the common law record, and in the absence of a bill of exceptions are not of such a character as to be subject to review by this court. *People* v. *Hoffman,* 344 Ill. 533; *People* v. *Stahulak,* (*ante,* p. 348.)

The judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*