(No. 23762.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TRACY MILLER, Plaintiff in Error.

*Opinion filed December 10, 1936.*

CLYDE P. JOHNSON, for plaintiff in error.

OTTO KERNER, Attorney General, LOUIS L. IRWIN, State's Attorney, and A. B. DENNIS, (ROSWELL B. O'HARRA, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Plaintiff in error was indicted at the October, 1935, term of the circuit court of Hancock county charged with larceny. He was convicted by a jury and sentenced to the penitentiary for a term of from one to ten years. He has sued out this writ of error to review the judgment of conviction.

The trial of plaintiff in error began on December 3—one of the judicial days of the October term, 1935—and ended on December 10. On December 18, 1935, motions for a new trial and in arrest of judgment were overruled, and the issuance of *mittimus* was suspended until January 9, 1936, when issuance of *mittimus* was further suspended until April 20, 1936. On March 11, 1936, plaintiff in error filed with the clerk of the circuit court a notice of suing out a writ of error, with proof of service and *præcipe* for record. On May 28, 1936, the State's attorney moved the court to dismiss the writ of error because no report of the proceedings at the trial had been filed within sixty days after suing out the writ of error or within an extension of time granted within such sixty days. On June 2, 1936, the second day of the June term, plaintiff in error filed a cross-motion, supported by affidavit of his attorney, to correct the record to show that he had obtained a further stay of *mittimus* on April 13, 1936, until June 20, 1936,

and that this order should also have included an extension of time in which to file the report of the proceedings at the trial. The court overruled the motion to dismiss and allowed the motion to correct the record. The written order recited that the allowance of the motion was based on the court's consideration of the affidavits presented with the motion.

The People contend that the report of the proceedings of the trial or bill of exceptions was never properly made a part of the record, and that, therefore, we cannot consider the errors assigned thereon, viz., that the court erred in its instructions to the jury, and that the verdict is against the weight of the evidence.

The order of the trial court staying the *mittimus* did not operate to extend the time for procuring and filing the report of the proceedings at the trial, and such an order will not excuse plaintiff in error from presenting the bill of exceptions or report of the proceedings at the trial as provided by law. (*People* v. *Tananevicz,* 285 Ill. 376, 378.) There being no memorial upon which to base it, the order of the court of June 8, 1936, correcting the record *nunc pro tunc* as of April 13, 1936, was likewise of no effect because it was made after the October term had passed and beyond the sixty days allowed after filing notice of suing out a writ of error. The court had thus lost jurisdiction to extend the time and the *nunc pro tunc* order was void. *People* v. *Keller,* 353 Ill. 411; *Hake* v. *Strubel,* 121 id. 321; *Richter* v. *Chicago and Erie Railroad Co.* 273 id. 625.

An amendment of a record cannot be made by oral testimony or proof of mistake. It is necessary that it be proved by the production of some note or memorandum from the records or quasi-records of the court, or by the judge's minutes, or by the papers on file in the cause. Such correction cannot be made either from the memory of witnesses, from the recollection of the judge himself, or by affidavit,

but the record must show the basis upon which the amendment or correction is made. (*People* v. *Duyvejonck,* 337 Ill. 636; *Hubbard* v. *People,* 197 id. 15; *Tynan* v. *Weinhard,* 153 id. 598.) The court therefore erred in correcting the record upon a showing made by affidavit that an extension of time to file the bill of exceptions or report of proceedings had been allowed on April 13, 1936, to June 20, 1936. The bill of exceptions or report of proceedings at the trial was not filed in time and must be stricken.

The errors assigned relating to instructions and the sufficiency of evidence cannot be considered, and, since these are the only errors urged, the judgment will be affirmed.

*Judgment affirmed.*