(No. 27467.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER NOWAK, Plaintiff in Error.

*Opinion filed March 21, 1944.*

J. J. KLEPAK, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

In October, 1938, plaintiff in error, Peter Nowak, was convicted of the crime of rape, without a jury, in the criminal court of Cook county and appealed to this court. The cause was reversed and remanded. (*People* v. *Nowak*, 372 Ill. 381.) Upon a second trial on February 28, 1940, he was again tried and convicted of the crime of forcible rape, and sentenced to the penitentiary.

A motion for a new trial and in arrest of judgment was overruled on the same day, and sixty days to and including April 27, 1940, was allowed by the court within which to prepare and file defendant's bill of exceptions. Numerous extensions were granted by the court. April 17, 1940, the time was extended to and including May 27, 1940; May 20, 1940, the time was extended to and including June 17, 1940, and June 18, 1940, the time for filing bill of exceptions further extended to and including July 18, 1940, *nunc pro tunc* as of June 17, 1940. Thereafter numerous extensions were granted plaintiff in error until September 30, 1940, at which time plaintiff in error presented his bill of exceptions to the court.

June 4, 1941, objection was made to the signing of the bill of exceptions by the judge because it was claimed the court had lost jurisdiction on June 17, 1940, and the *nunc pro tunc* order entered the next day, *viz.,* June 18, 1940, did not give the court jurisdiction because the time for filing had already expired. The court sustained the objection of the State's Attorney. On the same day the court granted thirty days' time to present a supplemental bill

of exceptions of the proceedings in which the court had sustained the objection of the State's Attorney to signing the original bill of exceptions. The supplemental bill of exceptions was presented June 26, 1941, and signed by the judge July 21, 1941, *nunc pro tunc* as of June 26, 1941.

The sole question in this case is whether the court properly refused to sign the original bill of exceptions because it was not presented on or before June 17, 1940, or within the time extended for the filing thereof. This question has been decided many times by this court. If a bill of exceptions is not presented within the time fixed by the court, or within such additional time as the court may allow before the expiration of the time fixed for filing the same, it loses jurisdiction of the proceeding, and any orders purporting to extend the time for filing subsequent to the expiration date are totally void. *People* v. *Keller,* 353 Ill. 411; *People* v. *Miller,* 365 Ill. 56; *People* v. *Duyvejonck,* 337 Ill. 636; *People* v. *Irwin,* 283 Ill. 51.

There is nothing in the record showing any ground for the court entering a *nunc pro tunc* order. There is no memorial appearing in the record upon which the court could correct the record *nunc pro tunc,* and hence the *nunc pro tunc* order was void. *People* v. *Keller,* 353 Ill. 411; *Hake* v. *Strubel,* 121 Ill. 321; *Richter* v. *Chicago and Erie Railroad Co.* 273 Ill. 625.

Plaintiff in error calls our attention to *Wallahan* v. *People,* 40 Ill. 103. This case is not authority for the contention of plaintiff in error because there was nothing in the record to show the lack of jurisdiction of the court to allow an amendment to the bill of exceptions already properly certified, as under such conditions it is presumed the court acted properly. Application of the *Wallahan case* was considered in *People* v. *Rosenwald,* 266 Ill. 548, and it was there held that if the bill of exceptions is signed on a date within the time fixed by the court, but not on the date actually presented, it can be filed as of the date pre-

sented *nunc pro tunc*. But if the record affirmatively shows the bill of exceptions is not filed within the time fixed and a *nunc pro tunc* order is made after the expiration of the date the record must affirmatively show the trial court was authorized under the law to enter such order. In this case the record shows the time for filing the bill of exceptions had expired June 17, 1940, and there is nothing in the record to affirmatively show the court had any authority on June 18, 1940, to enter an extension order *nunc pro tunc*. The trial court properly held it had no jurisdiction to enter the order of extension *nunc pro tunc* as of June 17, and there is nothing in the supplemental bill of exceptions tending to show the court had any authority to enter such an order.

There is no question raised upon the common-law record, and the only point raised being determined against the plaintiff in error, the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*