John Lewis, Appellee, v. Edna B. Lewis, Appellant.

Gen. No. 9,595.

Opinion filed October 29, 1948. Rehearing denied December 18, 1948. Released for publication December 20, 1948.

EDWARD J. FLYNN and HARRY G. STORY, both of Jacksonville, for appellant.

BELLATTI, ARNOLD & FAY, of Jacksonville, for appellee.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

This is an appeal by defendant appellant, Edna B. Lewis, from a decree of the circuit court of Morgan county, entered July 30, 1947, granting her husband John Lewis a divorce on the ground of desertion.

Plaintiff appellee has made a motion that this court enter an order striking from the files the report of the trial proceedings incorporated in the record, and that this court then affirm the decree of the trial court.

Such motion has been taken with the case.

The final decree in question was entered and filed July 30, 1947. The notice of appeal was filed August 22, 1947. The only order fixing or extending the time for filing the report of the trial proceedings was entered on October 21, 1947, which order granted to the defendant an extension of time for the filing of the report of trial proceedings for thirty days from October 21, 1947. The report of the trial proceedings was filed in the trial court on November 19, 1947.

Plaintiff appellee contends that the trial court was without jurisdiction to enter such order of October 21, 1947, for the reason that said date was more than fifty days after the filing of the notice of appeal.

Sec. 76(2) of the Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 200, subpar. (2) ; Jones Ill. Stats. Ann. 104.076, subpar. (2)] states that ''An appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court.'' Supreme Court Rule 36 provides that ''The report of the proceedings at the trial . . . shall be . . . submitted to the trial judge . . . and filed in the trial court within fifty days after the appeal has been perfected. . . . Any judge of said (trial) court may . . . make an order . . . extending the time allowed for filing such report of the proceedings. The application for any such order must be made before the expiration of the original or extended period allowed by this rule for such filing. . . . Failure by the appellant to file a report of the proceedings . . . within the time originally allowed or extended . . . shall authorize a dismissal of the appellant's appeal. . . .''

*Lukas v. Lukas,* 381 Ill. 429, is a case squarely in point on the facts. There a decree of divorce was given the wife by the trial court. The husband appealed to the Supreme Court. The wife filed no appearance in the Supreme Court. In affirming the decision of the trial court the Supreme Court, on its own motion, raised the question of whether the report of the trial proceedings was filed in apt time and said : ''The filing of the notice of appeal perfected the appeal to this court under section 76(2) of the Civil Practice Act. . . . When the notice of appeal was filed, appellant was required to file the report of proceedings in the trial court within fifty days thereafter. (Rule 36(I) (c).) The time, therefore, within which the report of proceedings could be filed expired on July 1, 1942. Rule 36 further provides that the trial judge may, for good cause shown, extend the time allowed for filing the report of proceedings. The application for such extension, however, must be made before the

expiration of the time allowed by the above rule. No such application for extension was made in this case within fifty days following the filing of the notice of appeal. The trial court, however, on July 8 entered an order *nunc pro tunc* as of May 22, 1942, extending the time for filing the report of proceedings to August 15, 1942. This order was entered fifty-seven days after the appeal was perfected by filing the notice of appeal. The court had no power at that time to enter a *nunc pro tunc* order extending the time for filing the report of proceedings. . . . The court did, however, on May 22, 1942, enter an order showing that a report was presented to the trial judge on that date. This order was of no effect. The statute requires the report of proceedings to be *filed* in the trial court and nothing short of its actual filing is a compliance with the statute. The report does not become a part of the record by the mere presentation of it to the trial judge. It must be filed. . . . The report of proceedings, therefore, not having been filed in the trial court within the time allowed, or within any extension of that time on application made within such time, it cannot be considered in this case." The *Lukas* case was cited with approval in *People v. Kobley,* 390 Ill. 565, 567.

In view of the applicable rule of law given us in the *Lukas* case, we feel required to and do order that the motion of the plaintiff appellee to strike the report of trial proceedings be and the same is allowed. We feel required to make such decision notwithstanding the fact that in *Village of Palatine v. Dahle,* 385 Ill. 621, 624, the court said: "Rule 36 is a shield against dilatory measures by appellant and cannot be used as a weapon for appellee to justify obstructions in the way of a completion of the record," and the fact that in *People v. Davis,* 357 Ill. 396, 400, the court said that rules of court "are not mandatory, for in a particular case, for good cause, they may be disregarded," and notwithstanding what the Appellate Court said in

*People ex rel. Wilmette State Bank v. Village of Wilmette,* 294 Ill. App. 362, 368.

A report of the trial proceedings being necessary to a consideration of the errors relied upon by the appellant, in the absence of such report there are no questions presented by the record which may be reviewed by this court.

The decree of the trial court is accordingly affirmed.

*Affirmed.*