(No. 32166.—

CASIMER JABLONSKI, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed January 24, 1952—Refiled January 22, 1953.*

CASIMER JABLONSKI, *pro se.*

FRANCIS A. ALLEN, of Chicago, for appellant on rehearing.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This appeal is upon the common-law record alone, from an order of the criminal court of Cook County, denying petitioner's motion in the nature of a petition for a writ of error *coram nobis.* The petition sets forth that Casimer Jablonski was brought before the municipal court of Chicago on an inquiry to determine his mental condition, that an order was entered therein that the said Casimer Jablonski be examined by two physicians; that as a result of their examination the court found the said Jablonski to be feeble-minded and entered an order committing him to the Lincoln State School and Colony for the feeble-minded at Lincoln, Illinois; and that on December 14, 1928, he was admitted into that institution. The petition further sets forth that on June 15, 1929, the said Casimer Jablonski escaped from the Lincoln State School for feeble-minded; that on December 28, 1931, while at large, he was arrested on the charge of robbery while armed; and that although

he had been judicially declared to be a feeble-minded person and had never been judicially restored to his reason, he was held to trial in the criminal court of Cook County; and that court was never informed as to his mental condition; and that he was allowed to plead to indictment number 63694. It also sets forth that thereafter he was tried and found guilty and sentenced to a term provided by statute; that at no time during the proceedings in the case number 63694 in the criminal court of Cook County was it ever called to the attention of the court that Jablonski was under any mental disability.

The record before us discloses that on February 27, 1946, the State filed a motion to dismiss this petition, alleging, first, that the petition was filed by someone who was not a party injured by the judgment; second, that the petition was not made within five years after the rendition of a final judgment; third, that it was through his own negligence and carelessness that his mental condition was not brought to the attention of the trial court, and that he was not prevented from presenting such facts at the time of his trial either by duress, fraud or excusable mistake; and, fourth, that the facts alleged in the petition were insufficient to give that court jurisdiction. This motion of the State was granted by the criminal court and upon appeal to the Appellate Court for the First District the judgment was reversed. (*Jablonski v. People,* 330 Ill. App. 422.) It was determined by that court that there was merit in Jablonski's petition if it was capable of proof, and the cause was therefore remanded for further proceedings, ordering the State to plead and to proceed to trial upon the issues made by such pleadings. More recent support for the Appellate Court's determination can be found in the cases of *People ex rel. Wiseman v. Nierstheimer,* 401 Ill. 260, and *People v. Samman,* 408 Ill. 549.

Thereafter, on April 18, 1947, the State filed an amended answer which admitted the finding of feeble-mindedness;

the commitment to a feeble-minded institution; no showing of restoration of sanity; and no showing that the petitioner's mental condition was ever at any time brought to the attention of the criminal court when he pleaded to indictment number 63694 nor at any time during his trial of that cause. Then we are compelled to turn to the additional abstract of record filed on behalf of the State to find the following: "Admits that Casimer Jablonski did escape from a mental institution in June, 1929, and that he had not been judicially restored to reason by any court of Cook County but denies that the defendant was mentally incapable of pleading to indictment number 63694." The omission of this most important part of the record by the plaintiff in error is quite inexcusable.

Then the record in this cause proceeds: "The court hearing the testimony of witnesses, it was ordered that the motion in the nature of petition for writ of error coram nobis be denied." A motion for a new trial was filed on behalf of the petitioner, a hearing on this motion was continued a few times, and after being given due consideration by the court, was overruled.

In light of the foregoing it is apparent that the petitioner herein filed a petition which was adjudged to state a *prima facie* case. However, the respondent had raised an issue of fact when it was denied that the petitioner was mentally incapable of pleading to the indictment charging him with robbery, (*People* v. *Crooks,* 326 Ill. 266,) and once there have been issues raised by the pleadings it is incumbent upon the petitioner to prove, by a preponderance of the evidence, those facts alleged in his petition which have been denied by the respondent. "As we pointed out in the *Crooks case,* the real question to be determined, where an issue of fact has been presented, is whether or not the defendant has by the greater weight of the evidence proved that there were such errors of fact committed in the trial as were set up in his motion." (*Greene* v. *People,*

402 Ill. 224, 226.) However, in the instant case we are not favored with a bill of exceptions, so it is impossible for us to determine if the petitioner sustained this burden of proof. Where the sufficiency of the evidence is questioned, and there is only the common-law record, it must be presumed that the evidence was sufficient to support the judgment of the court. (*People* v. *Bailey,* 391 Ill. 149.) Having no opportunity to review the evidence and ascertain otherwise, we are forced to the conclusion that the trial court did not err in denying appellant's petition.

*Judgment affirmed.*

## ON REHEARING.

Per CURIAM: Subsequent to the filing of the foregoing opinion of the court as delivered by Mr. Justice Bristow, we granted a rehearing, appointed counsel for the petitioner, Casimer Jablonski, and granted leave for a further brief to be filed in his behalf in order that we could further exhaust and evaluate the merits of the issues presented.

In the additional brief filed, counsel contends that the judgment denying Jablonski's petition should be reversed and a new hearing granted, or, in the alternative, that a bill of exceptions, previously lacking, should now be settled in the trial court and brought to this court in order that a review may here be had based upon the evidence introduced in the court below. Both contentions, as made and presented, recognize, as we had determined in our original opinion, the necessity for this court to have a bill of exceptions before it in order to review the issues presented by the appeal.

To hold that petitioner is now entitled to a new hearing in the trial court would do violence to the long-established rule which states that where the sufficiency of the evidence is questioned on review, it will be presumed, in the absence of a bill of exceptions, that the evidence introduced in the trial court was sufficient to support the judgment of the

court. Petitioner's counsel recognizes this but suggests that the nature of the case is such that it presents a cumulation of distinctive circumstances which would permit the relief of a new hearing without imperiling the presumption of regularity ordinarily applicable. The circumstances suggested are these: (1) That the rights asserted by petitioner are of a most fundamental nature; (2) that it is possible to determine from the common-law record alone that petitioner has gone far to establish his central contention of mental incapacity; and (3) that the trial court's decision in this cause was rendered before the comprehensive discussion on the presumption of mental incapacity appearing in *People ex rel. Wiseman* v. *Nierstheimer,* 401 Ill. 260.

While it may be conceded that petitioner is asserting fundamental rights, there is nothing in the record at this stage of the proceedings involved which shows that such rights were ever denied him or that he has been without a remedial means to assert them. Where the question of mental incapacity to plead to a criminal charge has arisen, both this and the Federal courts have held that a prior adjudication of insanity or feeble-mindedness is only *prima facie,* and not conclusive, evidence of criminal irresponsibility. (*People* v. *Samman,* 408 Ill. 549; *People ex rel. Wiseman* v. *Nierstheimer,* 401 Ill. 260; *People* v. *Varecha,* 353 Ill. 52; *United States ex rel. Samman* v. *Ragen,* 167 Fed. 2d 543.) Still another familiar rule is that the duty and responsibility for raising mental incapacity rests with the accused and his counsel. (*People* v. *Haupris,* 396 Ill. 208; *People* v. *Wagner,* 390 Ill. 384.) The record here shows that petitioner has made a *prima facie* showing that he was entitled to the rights which accrue to one who has been adjudicated a feeble-minded person, but it also shows that the facts upon which the right now claimed is based were not made known to the court in which he pleaded to a criminal charge. It has not been until this collateral proceeding, commenced approximately fifteen years after the

criminal charge, that petitioner has sought to assert the rights he claims. Once asserted and brought before the bench, the record indicates that petitioner was afforded due process of law on the issue so belatedly raised and that he was represented by counsel in the matter. We find no irregularity or suggestion of a deprivation of rights which would now entitle petitioner to the extraordinary relief of a new hearing.

The circumstance that the common-law record goes far to establish petitioner's central contention of mental incapacity is likewise, in our opinion, unpersuasive in pointing to the necessity for a new hearing. Sifted down, the contention in effect asks us to hold, as a matter of law, that the three-year period of time existing between the adjudication of feeble-mindedness and the criminal act charged against petitioner, makes a conclusive showing of an insufficient period of time to remove or weaken the presumption of continuing feeble-mindedness. A somewhat similar contention was raised in *People* v. *Maynard,* 347 Ill. 422, where we held that whether the presumption arising out of an adjudication of insanity had been overcome was a question of fact requiring evidence, and that we knew of no authority which holds that, in the absence of proof, lapse of time is alone sufficient to remove the presumption. Conversely, we cannot say, as a matter of law, that any given lapse of time is, alone, sufficient ground upon which to base a presumption that the mental disability continues. The record does show that petitioner has made a *prima facie* case but, as the cases cited point out, that is not conclusive evidence of criminal irresponsibility.

We have also examined *People ex rel. Wiseman* v. *Nierstheimer,* 401 Ill. 260, but find nothing which leads us to conclude that the trial court in this cause would have reached any other result than it did. The opinion merely examines and re-establishes the principles of previous decisions of this court relative to the presumption of mental

incapacity without establishing any new substantive or procedural concepts. As pointed out by petitioner, we held there that failure to give proper weight to the presumption of mental incapacity based upon a prior judicial determination was not only reversible error, but also defeated the jurisdiction of the trial court. We have neither the same factual nor procedural situation present in the instant case to command such a result. In that case the issue of mental incapacity was raised at the hearing on the criminal charge and on review we held that the evidence presented was insufficient to rebut the *prima facie* case made by the defendant. Here, the question of mental incapacity was not known or raised in the court hearing the criminal charge, so as to make an issue of its jurisdiction, but was first raised on a collateral proceeding some fifteen years later, and, on review, we do not have the evidence relating to the question before us.

Taken individually or collectively, we find nothing in the circumstances of the case which leads us to conclude that petitioner is entitled to a new hearing.

Without qualifying the position that he should be granted a new hearing, petitioner next contends that he should now be permitted to present a bill of exceptions to the trial court which, when settled and certified, would permit this court to review the cause on the full record of the *coram nobis* proceedings. In making this contention, petitioner is fully aware that the request comes after the expiration of the time ordinarily available for the presentment of a bill of exceptions and that the trial court would be without jurisdiction to grant such a request. (*Richter* v. *Chicago and Erie Railroad Co.* 273 Ill. 625; *People ex rel. Hamilton* v. *Irwin*, 283 Ill. 51; *People* v. *Keller*, 353 Ill. 411; *People* v. *Nowak*, 386 Ill. 130.) It is his position that he stands before us as a person who has been judicially determined to be a feeble-minded person, that such determination has never been set aside by any other

court and that he should, therefore, not be penalized because of his infirmity for failure to make a timely presentation of a bill of exceptions. He sees a parallel in other decisions of this court which have held that the equitable doctrine of *laches* and the statute of limitations do not bar certain rights of *non compos mentis* persons, and contends that the same consideration which determined the results in those cases suggests the propriety of the relief he requests.

In making this latter contention, petitioner points out that the amended answer of the People to his petition not only denied the fact of requisite mental incapacity but alleged by way of affirmative defense that petitioner or his attorney was under a duty to inform the court in the criminal proceedings of petitioner's mental disability. Because of the injection of this affirmative defense and because the judgment of the court does not state upon what grounds the petition was denied, petitioner contends that it cannot be presumed, from the record before us, that the judgment below was based on a finding of mental capacity. Thus it is that he now argues that his adjudication as a feeble-minded person has never been set aside by any court. It is our opinion that the argument as presented overlooks the primary function of a motion in the nature of a writ of error *coram nobis* in a proceeding such as this, which is to bring before the court rendering the questioned judgment matters of fact not appearing of record which, if known at the time judgment was rendered, would have prevented its rendition. The only issue of such a nature here raised by the petition and amended answer is the one relating to petitioner's mental capacity at the time he pleaded in the criminal proceeding. If it had been determined that petitioner had continued to be feeble-minded at the time of the criminal proceeding, such fact would have been held to have precluded the judgment of conviction without regard to the affirmative defense raised by the People. It must necessarily be concluded, therefore, that the judgment of

the trial court denying the petition was based upon a finding of mental capacity by the trial court and that the petitioner stands before us as one adjudicated mentally competent.

We have vainly searched the authorities for the same or somewhat analogous situation as is here presented, and the brief filed by petitioner's counsel reflects that he has done likewise, but we find none which parallels it or lends us assistance. However, looking to the fact that petitioner was represented by counsel throughout this proceeding in the lower court, and to the fact that he now appears before us as a responsible person as the result of the hearing in the lower court, we see nothing in his situation which impels us to relax long existing rules of law and allow him to now settle a bill of exceptions. To do so without a compelling basis would only create a situation designed to obstruct and harass the administration of the law.

It is our conclusion, on this rehearing, that the opinion previously filed by this court must stand and we hereby readopt it.