**Anthony Sparacino, Appellant, v. Joe Ferona, Appellee.**

**Gen. No. 10,916.**

Second District.

March 22, 1956.

Rehearing denied May 1, 1956.

Released for publication May 2, 1956.

John R. Snively, of Rockford, for appellant.

Large, Reno & Zahm, of Rockford, for appellee; H. Emmett Folgate, of Rockford, of counsel.

JUSTICE EOVALDI delivered the opinion of the court.

From judgment in favor of defendant-appellee entered on verdict of not guilty, plaintiff-appellant on April 6, 1955, filed Notice of Appeal within the statutory time. The praecipe, which specified the proceedings at the trial, was filed the same day. At 4:50 o'clock p.m. on May 26, 1955, after adjournment of court for that day, appellant filed motion for extension of time for filing Report of Proceedings, supported by affidavit of his attorney as follows:

"John R. Snively, being first duly sworn, on oath, deposes and says:
"1. That he is the attorney for the plaintiff in the above entitled cause.
"2. That the plaintiff is a prisoner in the Illinois State Penitentiary at Joliet, Illinois.
"3. That he talked with the plaintiff on May 24, 1955, that the plaintiff has not had the necessary money to pay the costs of his appeal, that the plaintiff expected that his relatives would furnish the money but they have not been able to do so up to this time because of illness and other reasons, and that the plaintiff hopes to be able to proceed with his appeal providing that the extension of time is granted."

On June 17, 1955, the motion was heard by the court and denied for the reason that it was not presented to the court within the original period of 50 days. On June 20, 1955, appellee filed motion to dismiss appeal on the ground that the appellant had failed to file in the court an authenticated transcript of the record on

appeal, or any portion thereof, within the time fixed by statute therefor, and on the further ground that no extension of time for filing the record in the cause had been granted to appellant.

Notice having been given appellant in accordance with Rule 8 of the Rules of Practice for the circuit court of Winnebago County, a hearing was held on June 24, 1955, and the motion by defendant-appellee to dismiss the appeal was granted. From said order dismissing the appeal, plaintiff appeals.

We do not feel that it is necessary, for the purpose of this appeal, to pass on the question of whether the matters set forth in the affidavit of appellant's attorney are sufficient to bring appellant within the requirements of the rules adopted under the Civil Practice Act that "for good cause shown" an extension of time may be granted for the filing of the Report of Proceedings.

Appellant's theory of the case is that when he filed his motion for extension of time on May 26, 1955 (which was the last day before the expiration of the original period of fifty days allowed by law for filing the Report of Proceedings), he complied with Rule 1 (c) of the Appellate Court; that said rule was not mandatory, but, for good cause, could be disregarded. He relies on People v. Davis, 357 Ill. 396, which is the only case cited in his brief in support of his appeal. In that case our Supreme Court was dealing with the non-observance of administrative rules of organization of the circuit, superior and criminal courts of Cook County, adopted for the purpose of synchronizing and facilitating an orderly disposal of the individual and interlocking tasks imposed upon those courts by law. We do not consider that case as authority for appellant's contention that the rules of our Supreme Court and of this court, which were adopted

in order to more fully give effect to the provisions of the Civil Practice Act, should be subjected to such an interpretation as would defeat the very purposes of that Act, i. e., "to the end that controversies may be speedily and finally determined according to the substantive rights of the parties."

Rule 36 (c) and (e) of the Supreme Court [Ill. Rev. Stats. 1953, ch. 110, § 259.36, subds. (c), (e)] and our Rule 1 (c) and (e), in effect at the time, required that the Report of Proceedings at the trial be procured by appellant and submitted to the trial judge, and filed, duly certified, in the trial court within 50 days after the notice of appeal was filed. The rules provided further that on application made before the expiration of the original or extended period allowed by said rule, any judge of said court could, "on good cause shown," extend the time for filing the same. The rules further provided that for the failure of the appellant to file the record on appeal in proper time, the trial court could dismiss the appeal.

■ The mere filing in the office of the clerk of the court of a motion for an extension of time for filing the Report of Proceedings is not an "application" within the meaning of Rule 1 (c) of this court, and such action gives no basis for subsequent nunc pro tunc orders. "Application" is defined, in Webster's New Collegiate Dictionary, Copyright, 1951, as "an appeal or petition, esp. as written or presented." "Application" is defined, in Black's Law Dictionary, Third Edition, as "a putting to, placing before, preferring a request or petition to or before a person." "Application" is defined, in Bouvier's Law Dictionary, Rawle's Third Revision, Vol. 1, as "The act of making a request for something. It need not be in writing." To "file" is "to put upon the files, or deposit in the custody or among the records of a court. To deliver an instrument or other paper to the proper officer for

the purpose of being kept on file by him in the proper place." Black's Law Dictionary, Third Edition.

 Prior to the promulgation of Supreme Court Rule 70A [Ill. Rev. Stats. 1953, ch. 110, § 259.70A] an extension of time for filing bill of exceptions had to be fixed by the trial court within the term of court at which judgment was entered. People v. Causey, 367 Ill. 461; People v. Miller, 365 Ill. 56; People v. Keller, 353 Ill. 411; People v. Duyvejonck, 337 Ill. 636. Pursuant to the provisions of Supreme Court Rule 70A, an extension of time for filing Report of Proceedings was required to be fixed by the trial court within one hundred days after judgment, or within such further time as might be granted within any extended time. Chap. 110, Sec. 259.70A, Ill. Rev. Stat. (1953); People v. Becker, 414 Ill. 291, 295; People v. Kidd, 401 Ill. 230; People v. Nowak, 386 Ill. 130, 132. Prior to the promulgation of Supreme Court Rule 36, an extension of time for filing bill of exceptions had to be granted by the trial court at the term of court when the rulings excepted to were made. Williams v. Webster Hotel Co., 315 Ill. 64; Finch & Co. v. Zenith Furnace Co., 245 Ill. 586, 590; Pieser v. Minkota Milling Co., 222 Ill. 139; Frink v. Phelps, Vol. IV, Scam. (5 Ill.) 580. Pursuant to the provisions of Supreme Court Rule 36, the order extending the original time allowed for filing Report of Proceedings must be entered by the trial court within the original 50 days, or within such further time as may be granted within any extended time. People v. Wabash Ry. Co., 388 Ill. 312; Lukas v. Lukas, 381 Ill. 429, 431; Lewis v. Lewis, 336 Ill. App. 14, 17. Handing a bill of exceptions or corresponding document to the clerk of the court, even though approved by opposing counsel, with instructions to the clerk to file it after approval by the court is not presentation to the court, and such action gives no

basis for a subsequent nunc pro tunc order. Lindquist v. State Bank of Chicago, 138 Ill. App. 446. Rules of Court are mandatory. Lewis v. Lewis, supra.

Legislative intent in using the word "application" is best expressed in the old case of Frink v. Phelps, supra. In that case the period of time for filing the record was governed by the term of court, and the statute required that the record be filed by or before the third day of the next term of court. The court said, at p. 581:

"The appellee is not bound to follow the appeal any longer than the third day of the court, unless the record has been filed, or further time has been allowed in which to file it. . . . It was not sufficient for the appellant simply to file his affidavit and enter his motion; he should have asked for and obtained some decision on his motion."

The order of the circuit court dismissing the appeal was properly entered in this cause. It not only had the right, but it was its duty, to dismiss the appeal.

Order affirmed.

DOVE, P. J. and CROW, J., concur.