People of the State of Illinois, Plaintiff-Appellee,
v. Benny McCall, Defendant-Appellant.

Gen. No. 48,865.

First District, Third Division.

June 5, 1963.

Wendell P. Marbly, of Chicago, for appellant.

Daniel P. Ward, State's Attorney, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court:

Upon a trial by the court without a jury the defendant was found guilty of aggravated assault and sentenced to serve a term of one year at the Illinois State Farm at Vandalia.

The information, so-called, upon which he was tried names Andrew Young as the complainant, that is, as the person who presents the information. It then recites that, in his own proper person, he comes into court and gives the court to be informed and understand that Benny McCall, defendant, committed the offense of "aggravated assault upon the person of said Andrew Young," in violation of the statute. It is not signed by Andrew Young, but by Larine Young as the complainant. The form of affidavit is signed

by Larine Young, but the blanks in the jurat are not filled in, nor is it signed by the Clerk of the Municipal Court, although he is designated as the attesting officer.

The statutory provision applicable is as follows:

> "That all criminal cases in the Municipal Court in which the punishment is by fine or imprisonment otherwise than in the penitentiary, may be prosecuted by information of the Attorney General or the State's Attorney, or some other person, and when an information is presented by any person other than the Attorney General or the State's Attorney, it shall be verified by affidavit of such person that the same is true, or that the same is true as he is informed and believes."
> (Ill Rev Stats, c 37, § 382 (1961).)

Here we have an information in which the complainant is named as Andrew Young, obviously a male, but which is signed by Larine Young, obviously a female, and in which in the form of affidavit following the information, Larine Young appears as complainant, but the jurat is not filled in and no person's affidavit is taken on the information.

■ The People have cited cases supporting the proposition that defects in an information may be waived by proceeding to trial without raising objections. People v. Billow, 377 Ill 236, 36 NE2d 339; People v. Duyvejonck, 337 Ill 636, 169 NE 737; People v. Morgenstern, 278 Ill App 100; People v. Scigliano, 194 Ill App 345 (Abst). In those cases it was held that a verification or a failure to verify may be waived. None of them are comparable to the instant case, where one person appears as complainant, another signs, and there is no verification. The concurrence of these three errors is sufficient to devitalize the document as an information.

██ It is argued by defendant that the trial court failed to properly advise defendant of his right to a trial by jury. The record on this is that defendant was represented by the Public Defender; that the court advised defendant that he was charged with assaulting with a knife one Andrew Young on the 19th day of May, 1962 in the City of Chicago; and thereupon the following colloquy occurred: "Q. Are you guilty or not guilty?" The Public Defender then said: "Not guilty. Jury waived." Defendant should have been advised by the *court* that he had a right to a jury trial, and the *court* should have inquired of him whether he desired one, or would waive such trial. The error is not subject to review, however, because it was not raised by defendant before going to trial.

██ We recently said in People v. Zampa, 41 Ill App2d 468, 191 NE2d 390: "Criminal prosecutions must not be hedged in by such technical details that it would be almost certain every trial would have an abundance of error." Nevertheless, with all due understanding of the difficulties which beset the trial court in the handling of these cases, we cannot accept a document such as the one here involved as an information.

Judgment reversed.

DEMPSEY, PJ and McCORMICK, J, concur.