MARGARET WILLIAMS, Appellee, *vs.* MINA L. DeRoo *et al.*
Appellants.

*Opinion filed February 17, 1925.*

1. PRACTICE—*when bill of exceptions or certificate of evidence
is necessary.* The question of what is the record may be tried by
the record, but a bill of exceptions or certificate of evidence is
necessary in order to preserve for review matters not properly a
part of the record.

2. SAME—*a certificate of evidence must be filed with the clerk.*
Though a certificate of evidence has been signed and sealed by the
chancellor within the time fixed by the order of the court for filing
it, it does not become a part of the record unless it is filed with
the clerk of the court in which the cause was heard, within the
time fixed by the order.

3. SAME—*affidavit in support of motion for change of venue is
not part of the record.* A motion for a change of venue becomes
a part of the record in a chancery case when it is filed, but the
affidavit supporting the motion, which the statute requires shall be
attached to it, does not become a part of the record unless pre-
served by a certificate of evidence, even though it is copied in
the record by the clerk.

APPEAL from the Circuit Court of Grundy county; the
Hon. SAMUEL C. STOUGH, Judge, presiding.

R. W. OLMSTED, for appellants Mina L. DeRoo and
Arthur H. DeRoo.

CARL O. NYMAN, and FRANK L. FLOOD, for other ap-
pellants.

FRANK H. HAYES, for appellee.

Per CURIAM: Appellee, Margaret Williams, filed her
bill in the circuit court of Grundy county alleging that she
was married in 1906 and with her husband established a
home in the city of Chicago; that prior to that time she

had lived with her father, Isaac Hoge, on a farm in Grundy county; that her father urged her and her husband to leave Chicago and return to Grundy county and take charge of one of his farms; that he told her if she would lease the Foley place, consisting of 300 acres, and improve it and make it her home, he would give it to her at his death; that she accepted his offer and moved to the Foley place and made valuable improvements thereon to the extent of more than $7000; that her father died in August, 1922, seized of 1150 acres of land in Grundy county, Illinois, 3040 acres of land in Pawnee county, Kansas, and 926 acres of land in Brazoria county, Texas; that her father valued his Kansas lands at one-third the value of the Illinois lands; that he left surviving him his widow and seven children; that he divided his Illinois and Kansas lands among his seven children; that he intended to make an equal division of said lands; that he gave to the brother and each of the five sisters of appellee lands approximately equal in value to 300 acres of the Illinois land owned by him; that he intended by his will to give her the Foley place; that in writing the will the scrivener erred in describing the lands devised to her and included in the devise to her the northeast quarter of section 21, which her father did not own, and omitted the southeast quarter of the same section, which he did own and which was a part of the Foley place; that her father disposed of all of his lands under his will excepting said southeast quarter of section 21, which is the larger and most valuable part of the Foley place; that the omission of this quarter section of land leaves the lands conveyed to her lying in two separate tracts, one a 60-acre timber tract lying east of the quarter section and the other an 80-acre tract lying south of the quarter section; that her three full sisters and her half-brother, Isaac Hoge, Jr., have recognized her claim to this quarter section of land and have quit-claimed to her their interest in the same; that appellants, her half-sisters, Mina L. DeRoo and Mildred Nyman,

and her step-mother, Laura Hoge, have refused to acknowledge her claim to the land. She prays that the oral agreement made and entered into with her father be enforced and that a deed be delivered to her conveying title to the southeast quarter of section 21, township 34, north, range 6, east of the third principal meridian, in Grundy county. Appellants answered the bill and there was a hearing before the chancellor. At the conclusion of the hearing a decree was entered in accordance with the prayer of the bill, and this appeal followed.

The appeal was granted to this court on condition that a bond be filed within thirty days from the date of the decree and that a certificate of evidence be presented within seventy days from said date. The decree was entered July 6, 1923, and the bond was filed August 4 following. A certificate of evidence was presented and signed by the chancellor September 11, but it does not appear from the record that it was ever filed with the clerk of the court.

The question of what is the record may be tried by the record at any time. (*Field & Co.* v. *Nyman,* 285 Ill. 306; *Haines* v. *Danderine Co.* 248 id. 259.) A certificate of evidence, like a bill of exceptions, is designed to preserve and make a part of the record proceedings not otherwise of record, and that which is proper matter for a certificate of evidence, which is not contained in it, is to be taken as not having occurred. (*Yott* v. *Yott,* 257 Ill. 419.) A certificate of evidence does not become a part of the record until it is placed on file. (*Hall* v. *Royal Neighbors,* 231 Ill. 185; *Conductors' Benefit Ass'n* v. *Leonard,* 166 id. 154.) Though a certificate of evidence has been signed and sealed by the chancellor within the time fixed by the order of the court for filing a certificate, it does not become a part of the record unless it is filed with the clerk of the court in which the cause was heard, within the time fixed by the order. *Hall* v. *Royal Neighbors, supra; Illinois Improvement Co.* v. *Heinsen,* 271 Ill. 23; *Holmes* v. *Parker,* 1 Scam. 567.

The first error assigned and argued is that the chancellor erred in denying the application for a change of venue. While the motion for a change of venue becomes a part of the record in a chancery case when it is filed, the affidavit supporting the motion, which the statute requires shall be attached to it, does not become a part of the record unless preserved by a certificate of evidence. (*Bellinger* v. *Barnes,* 223 Ill. 121; *VanPelt* v. *Dunford,* 58 id. 145.) The fact that the affidavit in support of the motion has been copied into the record by the clerk does not bring it before us for our consideration. (*DuQuoin Waterworks Co.* v. *Parks,* 297 Ill. 46; *Lange* v. *Heyer,* 195 id. 420.) The question is not presented for review.

The chancellor in his decree found from the evidence that Isaac Hoge, the father of appellee, about the first day of August, 1912, offered to give her the Foley place, which consisted of 300 acres of land in Grundy county, including the southeast quarter of section 21 here involved, if she and her husband would leave Chicago and move to the Foley place and improve it and make it their home; that she accepted the offer and moved to the farm March 1, 1913, and continued to live on it until the death of her father and until the time of the decree; that from time to time she made valuable improvements on said land and fully performed her part of the contract; that Hoge devised all of the lands owned by him except the quarter section here involved, and because of a mistake by the scrivener in writing his will he conveyed to appellee the northeast quarter of section 21, which he did not own, instead of the southeast quarter of said section, which he did own and which was the most fertile portion of the Foley farm; that four of the children of Hoge have quit-claimed their interest in said southeast quarter of section 21 pursuant to the agreement made by their father, in his lifetime, with appellee; that the other two heirs have refused to convey their interest to appellee in compliance with the contract of their father, and

that complainant is entitled to a deed conveying the two-sevenths of said quarter section claimed by appellants, Mina L. DeRoo and Mildred Nyman. The decree orders that the oral contract be performed and that proper deeds be executed and delivered. Inasmuch as the record filed in this court does not contain the evidence heard by the chancellor it will be assumed that the evidence was sufficient to sustain the findings of fact recited in the decree. Notwithstanding the failure to have the certificate of evidence properly incorporated in the record, we have read what purports to be the certificate of evidence attached to the record filed and find that the evidence contained therein fully sustains the finding of the chancellor.

Since we find no reversible error in the record, the decree of the circuit court is affirmed.   *Decree affirmed.*