David H. Zbinden, Defendant in Error, *vs.* E. R. DeMoulin, Plaintiff in Error.

*Opinion filed December 21, 1927.*

1. Bills of exceptions—*bill of exceptions not part of record until filed within required time.* Where the period of time for filing the bill of exceptions has been fixed by the court in its order allowing the appeal, if the bill of exceptions is signed before such time has expired it can be filed at any time within such period, and it does not become a part of the record until it is filed with the clerk within the time fixed by the order of the trial court.

2. Same—*when bill of exceptions may be filed in a reasonable time after signing.* If the bill of exceptions is presented to the trial judge within the time allowed for filing the same but is not signed by him until after the expiration of such period, then it may be filed within a reasonable time after it is actually signed, as the party, or his counsel, seeking the appeal should not be prejudiced or penalized for any delay or neglect of the court.

3. Same—*when bill of exceptions is not filed in reasonable time.* Where the bill of exceptions is presented to the trial judge within the time fixed in the order for filing the same but is not signed by the judge until after the expiration of said time, if the party prosecuting the appeal keeps the signed bill of exceptions five days after it is returned to him before filing it in the office of the clerk it cannot be said to have been filed within a reasonable time and may be stricken from the record.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Bond county; the Hon. J. F. GILLHAM, Judge, presiding.

FRANK F. NOLEMAN, JUNE C. SMITH, and ROBERT E. WRIGHT, for plaintiff in error.

HILES, NEWELL & BROWN, and DRYER & BROWN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error, a driver and clerk in the employ of the American Railway Express Company at Greenville, Illinois, brought this action in case in the circuit court of Bond county to recover damages against plaintiff in error for a personal injury alleged to have been received by him on July 25, 1922, in the shipping room of DeMoulin Bros. & Co., a corporation engaged in the manufacture of different kinds of equipment, regalia and supplies used by various secret societies. The injuries were received by reason of the alleged negligence of plaintiff in error, who was superintendent of said manufacturing plant. Defendant in error recovered a judgment in amount of $5000, and an appeal therefrom was prosecuted by plaintiff in error to the Appellate Court for the Fourth District. That court, on motion of appellee, (defendant in error here,) struck the bill of exceptions from the transcript for the reason that it had not been filed with the clerk of the circuit court of Bond county within a reasonable time after the trial judge had affixed his signature thereto. The errors assigned were such as could be presented only by the bill of exceptions, and it having been stricken, the judgment of the trial court was affirmed. The cause is here by petition for *certiorari*.

One of the contentions of plaintiff in error, and the only one which we are privileged to consider, is, that the

Appellate Court erred in striking the bill of exceptions from the transcript. The position of his counsel, as presented by their brief, is, that plaintiff in error was not required, under the order of the trial court, to file his bill of exceptions within ninety days, but was only required to present the same to the court within that period; and further, that the bill of exceptions was not retained by one of counsel for plaintiff in error for an unreasonable time after it was signed by the trial judge.

The Appellate Court, on motion of counsel for appellee, (defendant in error here,) granted leave to file in that court a short additional or supplemental transcript for the purpose of showing the true state of the record of the judgment order of the trial court relative to the filing of a bill of exceptions, and that supplemental transcript was filed but was not abstracted by counsel for plaintiff in error in the abstract filed in this court. Leave has been granted by this court, upon motion of counsel for defendant in error, to file a certified copy of his motion in the Appellate Court and the order of that court relative to the bill of exceptions, and also to file in this court an additional transcript of the record of the trial court showing the judgment order of that court pertaining to said bill of exceptions.

The judgment order of the trial court is dated October 31, 1925, and among other things recites, "and ninety days from this date is hereby allowed the defendant in which to file his bill of exceptions herein." The record shows the bill of exceptions was presented to the trial judge on November 14, 1925. The time for filing the bill of exceptions, as designated in the judgment order of the trial court, expired on January 29, 1926. No extension of time was requested by counsel for filing the bill of exceptions. It was not signed by the trial judge until Friday, February 12, 1926. As appears by affidavit of one of counsel for plaintiff in error, the bill of exceptions was thereafter mailed to him from Edwardsville, Illinois, where

it was signed, and was received by him at Greenville, Illinois, in due course of mail on Monday, February 15. It was not filed in the office of the clerk of the circuit court of Bond county until February 20, 1926. The record presented to us clearly establishes that the order of the trial court required the bill of exceptions to be filed within ninety days from October 31, 1925.

It seems unnecessary to cite and discuss the many cases considered by this court wherein the time for signing and filing a bill of exceptions is involved. The law is well settled that where the period of time for filing the bill of exceptions has been fixed by the trial court in its order allowing the appeal, if the bill of exceptions is signed before such time has expired it can be filed at any time within such period, and such bill of exceptions does not become a part of the record until it is filed with the clerk of the court in which the cause was heard, within the time fixed by the order of the trial court. (*Williams* v. *DeRoo,* 316 Ill. 23.) If the bill of exceptions is presented to the trial judge within the time allowed for filing the same but is not signed by him until after the expiration of such period, then it may be filed within a reasonable time after it is actually signed. In other words, if the bill of exceptions has been presented to the trial judge within the time allowed for filing the same, and due to his delay or neglect the bill of exceptions is not actually signed within such period, the party or his counsel seeking the appeal should not be prejudiced or penalized for any delay or neglect of the court. *Hill Co.* v. *United States Guaranty Co.* 250 Ill. 242; *City of East St. Louis* v. *Vogel,* 276 id. 490.

From the facts presented relative to the bill of exceptions it will be seen that no extension of time was requested for the filing of the bill of exceptions, and it was not signed until after the expiration of the period allowed for its filing. It is admitted by counsel for plaintiff in error that the bill of exceptions was received on February 15, after

the expiration of the period for filing the same, and was not actually filed until five days later. Nothing appears in the record showing any extenuating circumstances as to why the bill of exceptions was retained in the hands of counsel for a period of five days before it was filed with the clerk of the circuit court. Had the bill of exceptions been signed within a day or two previous to the expiration of the period of time within which the order of the trial court required it to be filed, counsel would not have been warranted in withholding it for any length of time after the expiration of that period. The same rule should be applied in the case at bar. The delay in filing the bill of exceptions after it had been signed by the trial judge was not the fault or neglect of the court, as the bill of exceptions was on February 15 in the possession of counsel interested in and furthering the appeal and could have been filed on that day. The law does not contemplate that the bill of exceptions is filed until it is in actual possession of the clerk. Where the party prosecuting an appeal holds or keeps in his possession a bill of exceptions and fails to file it in the office of the clerk of the court where the trial was had, for an unreasonable time after it has been signed by the trial judge, then the court reviewing the case is warranted in striking the bill of exceptions from the record. *Hall* v. *Royal Neighbors,* 231 Ill. 185; *Illinois Improvement Co.* v. *Heinsen,* 271 id. 23.

We are of opinion the Appellate Court was warranted in allowing the motion of counsel for defendant in error to strike the bill of exceptions and in affirming the judgment of the trial court.

The judgment of the Appellate Court is therefore affirmed.                                   *Judgment affirmed.*