(No. 26894.—)

HELEN LUKAS, Appellee, *vs.* VALENTINE LUKAS, Appellant.

*Opinion filed November 18, 1942—Rehearing denied Jan. 15, 1943.*

Wilson, J., dissenting.

Michael A. Romano, and Aiken, McCurry, Bennett & Cleary, (Charles·R. Aiken, of counsel,) for appellant.

Mr. Justice Smith delivered the opinion of the court:

This is a direct appeal from a decree of the superior court of Cook county. Appellee filed a complaint against appellant seeking a divorce from him on statutory grounds. An answer was filed by appellant denying the material allegations of the complaint. No evidence was offered by appellant. The court entered a decree as prayed in the complaint. By the decree the court directed appellant to convey to appellee, as alimony in gross, a small interest he owned in an equity in property owned jointly by the parties.

The ground on which the appeal was taken direct to this court is that by the decree appellant was deprived of a freehold. There has been no appearance in this court by appellee. The questions raised by appellant are based upon the sufficiency of the evidence, and other questions the decision of which must necessarily be based upon the record and proceedings shown by a report of the proceedings at the trial. An examination of the record discloses that no report of proceedings was preserved and filed in the trial court within the time provided by law.

The decree in this case was entered by the trial court on April 25, 1942. Notice of appeal from the decree was

filed by appellant on May 12, 1942. The filing of the notice of appeal perfected the appeal to this court under section 76(2) of the Civil Practice Act. Ill. Rev. Stat. 1941, chap. 110, par. 200(2).

When the notice of appeal was filed, appellant was required to file the report of proceedings in the trial court within fifty days thereafter. (Rule 36(1)(c).) The time, therefore, within which the report of proceedings could be filed expired on July 1, 1942. Rule 36 further provides that the trial judge may, for good cause shown, extend the time allowed for filing the report of proceedings. The application for such extension, however, must be made before the expiration of the time allowed by the above rule. No such application for extension was made in this case within fifty days following the filing of the notice of appeal. The trial court, however, on July 8 entered an order *nunc pro tunc* as of May 22, 1942, extending the time for filing the report of proceedings to August 15, 1942. This order was entered fifty-seven days after the appeal was perfected by filing the notice of appeal. The court had no power at that time to enter a *nunc pro tunc* order extending the time for filing the report of proceedings. *People* v. *Miller,* 365 Ill. 56; *People* v. *Keller,* 353 id. 411.

The court did, however, on May 22, 1942, enter an order showing that a report was presented to the trial judge on that date. This order was of no effect. The statute requires the report of proceedings to be *filed* in the trial court and nothing short of its actual filing is a compliance with the statute. The report does not become a part of the record by the mere presentation of it to the trial judge. It must be filed. *Williams* v. *DeRoo,* 316 Ill. 23; *Hall* v. *Royal Neighbors,* 231 id. 185.

The report of proceedings, therefore, not having been filed in the trial court within the time allowed, or within any extension of that time on application made within such time, it cannot be considered in this case. A report

of proceedings being necessary to a consideration of the errors relied upon by appellant, in the absence of such report there are no questions presented by the record which may be reviewed by this court.

The decree of the superior court of Cook county is, accordingly, affirmed. *Decree affirmed.*

Mr. JUSTICE WILSON, dissenting.