(No. 28360.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM KOBLEY, Plaintiff in Error.

*Opinion filed May 23, 1945—Rehearing denied September 13, 1945.*

FRANK J. TYRRELL, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JOSEPH A. POPE, and EDMUND H. GRANT, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, William Kobley, and one Rene Bergamin were indicted for the crime of armed robbery in the criminal court of Cook county and, upon trial, were convicted. Plaintiff in error was found to be an habitual criminal and was sentenced to the penitentiary for the term

of his natural life. He, alone, prosecutes the writ of error to this court.

The plaintiff in error complains there was not sufficient evidence in the record to support the conviction and that substantial error was committed in the conduct of the trial.

The defendant in error filed a motion in this court on January 18, 1945, to strike a purported bill of exceptions from the record of this cause, which motion was taken with the case. We believe the motion is well taken and should be allowed.

The plaintiff in error was sentenced on July 9, 1940, and on the same day the court ordered that he be allowed sixty days from that date in which to prepare and file a bill of exceptions in this cause. The bill of exceptions was prepared and marked "Presented" by the trial judge on August 30, 1940, but was not filed in the clerk's office until June 28, 1944. On the latter date the trial judge signed the bill of exceptions and ordered the same filed *nunc pro tunc* as of August 30, 1940.

It is suggested by plaintiff in error that Rule 70A of this court does not apply to this case because that rule did not go into effect until November 25, 1941. In this contention he is in error because that rule was first adopted by this court on April 20, 1938, and was in full force and effect on the date of the judgment in this case. The rule provides that "In all criminal cases in which writ of error is brought, the bill of exceptions or report of proceedings at the trial, if it is to be incorporated in the record on review, * * * shall be procured by the plaintiff in error and submitted to the trial judge * * * for his certificate of correctness, * * * and filed in the trial court, within fifty days after judgment was entered, or within such time thereafter as shall, during such fifty days, be fixed by the court, or in such further time as may be granted within any extended time."

The marking of the bill of exceptions "Presented" by the trial judge on August 30, 1940, and withdrawal of the same by defense counsel did not stay the running of the time for filing same. No application for extension was made in this case within fifty days from the date judgment was entered. While the trial court did on June 28, 1944, enter an order *nunc pro tunc* as of August 30, 1940, this order was dated nearly four years after judgment, and the court had no power at that time to enter the same. (*Lukas* v. *Lukas*, 381 Ill. 429.) The record shows that the bill of exceptions was presented to the trial court on August 30, 1940, but this was of no effect, because nothing short of its actual filing is a compliance with the statute. The bill of exceptions does not become a part of the record by the mere presentation of it to the trial judge. It must be filed. *Williams* v. *DeRoo*, 316 Ill. 23; *Lukas* v. *Lukas*, 318 Ill. 429.

The questions raised by the plaintiff in error are based upon the insufficiency of the evidence, errors in the admission of improper evidence, the giving and refusing of instructions and the inflammatory argument to the jury by the State's Attorney. All of these alleged errors are dependent upon what is shown in the bill of exceptions and none of them are included in the common-law record.

The bill of exceptions not having been properly authenticated or filed in the trial court within the time allowed or within any extension of that time on application made within such time, it cannot be considered in this case. In the absence of such bill of exceptions, there are no questions presented by the record that may be reviewed by this court.

The judgment of the criminal court of Cook county is, therefore, affirmed.

*Judgment affirmed.*