(No. 30588.—

The People of the State of Illinois, Defendant in Error, *vs.* Mary Jane Kidd *et al.,* Plaintiffs in Error.

*Opinion filed September 24, 1948—Rehearing denied Nov. 11, 1948.*

GUNN and CRAMPTON, JJ., specially concurring.

WALTER F. DODD, LAWRENCE W. HARRIS, and JOHN A. McELLIGOTT, all of Chicago, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM T. HENDERSON, State's Attorney, of Danville,

(FRANK J. MEYER and JOHN W. UNGER, both of Danville, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiffs in error, Iva Kidd, alias Iva K. 'Sandusky, and Mary Jane Kidd, have sued out this writ of error to review a judgment of the Appellate Court for the Third District, which affirmed a judgment of the circuit court of Vermilion County, which court, after a trial by jury, found them guilty of conspiring to do illegal acts injurious to the administration of public justice. Specifically the indictment was based upon section 46 of division I of the Criminal Code, (Ill. Rev. Stat. 1941, chap. 38, par. 139,) and plaintiffs in error were charged with attempting to acquire a part of the estate of Rochester Sandusky, deceased, by filing a forged will and a forged prenuptial agreement, and by claiming that Iva Kidd was the decedent's widow. The circuit court sentenced each plaintiff in error to a term of one year in the State Reformatory for Women.

Counsel for the People have filed a motion to strike the purported bill of exceptions filed in this court, and it has been taken with the case. It is contended that the bill of exceptions was not submitted to the trial judge for his certificate of correctness, nor filed in the trial court within the time, or extension thereof, prescribed by statute or rule of court; and that the trial judge was without jurisdiction to sign or certify to its correctness on April 22, 1946.

The facts, insofar as they pertain to the motion, show that the cause was heard before Judge Ben F. Anderson of the Fifth Judicial Circuit; that on September 15, 1945, the jury returned its verdict finding plaintiffs in error guilty as charged; that on October 13, 1945, following disposal of motions for new trial, in arrest of judgment, and for probation, the court entered judgment on the verdict. On November 29, 1945, plaintiffs in error were granted an additional fifty days in which to file their bill of

exceptions, and *mittimus* was suspended for fifty days. Thus plaintiffs in error had one hundred days from October 13, 1945, or until to and including January 21, 1946, in which to file their bill of exceptions. On January 19, 1946, the presiding judge, Ben F. Anderson, not being in Danville, Vermilion County, where the cause was heard, plaintiffs in error presented their unsigned bill of exceptions to Judge Platt, one of the judges of the district, who was holding court on that date. Judge Platt, over objection of counsel for the People, entered an order that the purported bill of exceptions be filed without signature.

Nothing further of record appears until April 22, 1946, when Judge Anderson denied a motion by the People that the order of November 29, 1945, suspending the *mittimus,* be set aside, and that the *mittimus* issue. On the same date the bill of exceptions which had previously been filed with Judge Platt, was presented to Judge Anderson who signed it, but qualified his signature with the following remarks, which were entered on the record:

"Defendants ask that the Judge sign the bill of exceptions as presented. The Court states in open court in referring to the record, that prior to this date no bill of exceptions was ever presented to him since the judgment was entered in said cause; during all the said time that the Court has not been ill, disabled, or has been without the jurisdiction of the Fifth Judicial Circuit of the State of Illinois; and while the Court feels that he probably should not sign the bill of exceptions, as it has been contended it was presented too late, he has signed the same, without prejudice to the State and without any admission of confession by the State that the Court has any right to sign the same; and it appears to the Court from his knowledge of the facts and from counsel that counsel has never authorized or consented that any other Judge sign the bill of exceptions, nor has the Trial Judge, Ben F. Anderson, ever authorized, directed or empowered any other Judge to

sign the bill of exceptions which appears in the files of the said Court, filed as of January 19, 1946, that said filing was without any authorization of the presiding Judge."

In support of the motion to strike the bill of exceptions, counsel for the People contend that the filing of the bill of exceptions without signature before Judge Platt on January 19, 1946, was a nullity and without effect; that the time for filing expired at the conclusion of January 21, 1946; that Judge Anderson lost jurisdiction of the matter, and was without authority on April 22, 1946 to enter a *nunc pro tunc* order filing the bill as of January 19, 1946. Plaintiffs in error, on the other hand, contend that the action of Judge Platt constituted an extension beyond January 19, 1946, of the period in which the bill of exceptions could be signed and filed.

Rule 70A of this court (Ill. Rev. Stat. 1945, chap. 110, par. 259.70A,) provides in part as follows: "In all criminal cases in which writ of error is brought, the bill of exceptions or report of proceedings * * * shall be procured by the plaintiff in error and submitted to the trial judge or his successor in office for his certificate of correctness, or where this is impossible because of the absence from the district, sickness or other disability of such judge, then to any other judge of said court, and filed in the trial court, within fifty (50) days after judgment was entered, or within such time thereafter as shall, during such fifty (50) days, be fixed by the court, or in such further time as may be granted within any extended time." The interpretation of the result of this rule has been before us many times, and has been summarized as follows: If a bill of exceptions is not presented within the time fixed by the court, or within such additional time as the court may allow before the expiration of the time fixed for filing the same, it loses jurisdiction of the proceeding, and any orders purporting to extend the time for filing subsequent to the expiration date are totally void. (*People* v. *Nowak,* 386

Ill. 130; *People* v. *Keller,* 353 Ill. 411.) Similarly, we have held that the bill of exceptions does not become a part of the record by mere presentation to the judge, but it must be filed. (*People* v. *Kobley,* 390 Ill. 565; *Williams* v. *DeRoo,* 316 Ill. 23; *Lukas* v. *Lukas,* 381 Ill. 429.) The presentation of a bill of exceptions to the court does not stay the running of the time for filing the same, and where it is not filed within fifty days after judgment is entered and no application for an extension of time of filing is made within such fifty days, the trial court has no power. to later order that the bill of exceptions be filed as of the date presented. Where this is done it is not properly a part of the record. (*People* v. *Kobley,* 390 Ill. 565.) Thus, unless the action of Judge Platt in ordering the bill of exceptions filed without signature constitutes an extension of time, as plaintiffs in error contend, it is apparent that Judge Anderson was without jurisdiction to sign the bill on April 22, 1946.

The precise question raised has not, to our knowledge, been heretofore presented to this court. However, it is obvious that plaintiffs in error must stand or fall on a construction of Rule 70A, quoted above. When the bill was presented to Judge Platt and ordered filed, the order did not purport to be one granting an extension of time, nor did plaintiffs in error so pray or contend at that time. Further, the rule expressly states that the bill of exceptions should be presented to the "trial judge" for his certificate of correctness before it is filed. Judge Platt was without authority to circumvent this rule by allowing the bill to be filed without signature, or without presentation to the trial judge, and plaintiffs in error's action was at best but a presentation of the bill, and then to one other than the trial judge. As stated in the *Kobley case,* the presentation of the bill does not stay the running of the time for filing the same, and when January 21, 1946, passed, plaintiffs in error's time for filing had expired. This being

so, Judge Anderson was without authority to sign the bill *nunc pro tunc* on April 22, 1946, and the bill of exceptions is not properly a part of the record. It should be noted too that Rule 70A provides that the bill shall be presented to the trial judge for his certificate, "or where it is impossible because of the absence from the district, sickness, or other disability of such judge, then to any other judge of said court," etc. Judge Anderson stated for the record that during the period for filing the bill he had not "been ill, disabled, or has not been without the jurisdiction of the Fifth Judicial Circuit of the State of Illinois." This being so, the presentation to Judge Platt could not have constituted filing under the rule.

While passing on this point, it should be noted that the Appellate Court granted a motion to strike the bill of exceptions filed in that court. However, its decision was based on the erroneous premise that judgment on the verdict was entered on September 29, 1945, instead of October 13, 1945. On the basis of such premise that court held that the motion for an extension of time made November 29, 1945, was not within the fifty days provided by Rule 70A, and that both Judge Platt and Judge Anderson lost jurisdiction to allow filing of the bill. Further, plaintiffs in error have included in their abstract in this court, copies of letters written between their counsel, the circuit clerk, and counsel for the People, which they contend are indicative of the fact that Judge Platt's action constituted, and was treated as, an extension of time for filing. While we do not agree with this contention, such letters are matters outside the record before this court and will not be considered on appeal. (*People* v. *Evanston Railway Co.* 323 Ill. 109.) For the reasons stated, the motion of the People to strike the bill of exceptions is allowed.

Plaintiffs in error's next contentions go to the sufficiency and manifest weight of the evidence. These errors are dependent on what is shown in the bill of exceptions and

are not included in the common-law record. Since the bill of exceptions has been stricken on motion, questions as to the evidence are not now open to consideration. *People* v. *Johns,* 388 Ill. 212; *People* v. *Kobley,* 390 Ill. 565.

The only other contention of plaintiffs in error is, that participation in this cause by the State's Attorney, William T. Henderson, was prejudicial error in view of his continuing paid retainer in the civil case which depended on the same state of facts. This contention is based on section 6a of the State's Attorneys Act, (Ill. Rev. Stat. 1945, chap. 14, par. 7,) which provides: "The State's Attorney shall not receive any fee or reward from or in behalf of any private person for any services within his official duties and shall not be retained or employed, except for the public, in a civil case depending upon the same state of facts on which a criminal prosecution shall depend." The intent of the legislature was that State's Attorneys should not at any time be interested or employed in a civil case which it might reasonably be presumed would grow out of and depend upon the facts upon which the criminal prosecution depends, its purpose being to prevent any influence upon the discharge of the duties of the State's Attorney by reason of personal interest. (*People ex rel. Hutchison* v. *Hickman,* 294 Ill. 471.) We also held in the *Hickman case* that the statute prevented such employment not only during the prosecution of the criminal case but also after the conclusion thereof. In the present case the civil proceeding preceded the criminal proceeding and there was nothing to indicate that a criminal case would arise.

The facts which can be determined from the common-law record before us show that William T. Henderson, the State's Attorney of Vermilion County, had for many years been counsel for Rochester Sandusky, and on the occasion of the latter's death in July, 1941, Henderson, as attorney for the executor and the heirs of Sandusky, filed a will for probate. It was at this time that plaintiffs in error filed a

second will and ante-nuptial agreement, which gave the decedent's property to them. There followed proceedings in both the probate court and the circuit court to determine which of the two wills would prevail, and it was only at the conclusion of the proceeding in the circuit court that it was determined that there had been a forgery committed for which criminal prosecution would lie. At the inception of the proceeding in the probate court in the matter of the estate of Rochester Sandusky, deceased, there was nothing which could have reasonably led Henderson to presume that a criminal prosecution would grow out of the facts there presented. The State's Attorney is shown to have withdrawn as attorney for the executor and heirs of Rochester Sandusky, immediately after the disposition of the civil case by the circuit court. We do not subscribe to plaintiffs in error's conclusion that the payment of fees to the State's Attorney for his services in the civil case, at a time when the criminal prosecution was pending, indicates that Henderson was being paid to prosecute this suit. This contention is without merit.

The judgment of the Appellate Court for the Third District is affirmed.                    *Judgment affirmed.*

Mr. Justice Gunn, specially concurring:

I concur in the result reached by the court because I think the evidence shows beyond a reasonable doubt that the defendants are guilty. I do not agree with the majority opinion that the bill of exceptions in the case was properly stricken by the Appellate Court, and for such reason the conviction affirmed.

I think under the rule as followed by this court for over a hundred years, and especially in view of the recent amendments to the Practice Act, that the bill of exceptions was properly before this court for consideration.

Among other things, section 74 of the Civil Practice Act (Ill. Rev. Stat. 1947, chap. 110, par. 198,) provides: "All

matters in the trial court record actually before the court on appeal may be considered by the court for all purposes, but if not properly authenticated the court may order such further authentication. as it may deem advisable." In this case the bill of exceptions was before the court. It was filed within the period of time fixed by the court; it was signed by the judge who tried the case. The only thing not strictly according to the rule was the failure of the trial court to indicate that its signature related back to the date of the filing, and such failure could be easily cured by requiring a further authentication, as indicated by this section. Otherwise the bill of exceptions was properly before the court under a long line of decisions of this court.

In *People* v. *Rosenwald*, 266 Ill. 548, we said: "The rule has long been settled in this jurisdiction that a party who presents his bill of exceptions to the judge who tried the cause, within the time prescribed for filing the same, having thus done all he can, will not be prejudiced by the neglect or refusal of the judge to sign the bill of exceptions until after the time fixed for that purpose has expired." In case the bill of exceptions is not signed by the judge within the period fixed by law or by rule, the practice has been to present the bill to the judge and if he marks upon it "presented" without signing it, and later signs it, the same may be filed *nunc pro tunc* as of the date of the presentation. This practice has been announced many times. *Underwood* v. *Hossack*, 40 Ill. 98; *Hawes* v. *People ex rel. Pulver*, 129 Ill. 123; *Olds* v. *North Chicago Street Railroad Co.*, 165 Ill. 472; *Hill Co.* v. *United States Fidelity and Guaranty Co.* 250 Ill. 242; *City of East St. Louis* v. *Vogel*, 276 Ill. 490; *People ex rel. Oelsner* v. *Andrus*, 299 Ill. 50; *Zbinden* v. *DeMoulin*, 328 Ill. 156.

In the instant case the bill of exceptions was prepared within the proper time; was presented at the court in which the case was tried; the judge who presided in the case was not in that county; his associate judge in the same county

ordered the bill of exceptions filed, and the same was filed within the time fixed by law, and later the judge before whom the case was tried signed the bill of exceptions. It is true he said he was not absent from the circuit, but that circuit consists of five large counties, and it is perfectly obvious that he adopted the act of his associate judge in ordering it filed, and signed the bill of exceptions.

The opinion relies upon *People* v. *Kobley,* 390 Ill. 565, which announced the rule that nothing short of actual filing of the bill of exceptions complies with the statute, and that it does not become a part of the record by merely presenting it to the trial judge. In that case the only thing done was to have the bill of exceptions marked presented, and then do nothing more for four years. No application for extension or any other action was taken within the statutory time, and the bill of exceptions was not filed until four years after the presentation, with no act justifying such lapse of time shown by the record. In the instant case the bill of exceptions was filed within the time, and the judge later signed his name. Rule 8(5) of the Supreme Court, among other things, provides "The judge, for good cause shown on special motion after notice to the opposite party, may extend the time for putting in any pleading or the doing of any act which is required by the rules to be done, within a limited time, either before or after the expiration of the time."

It is Supreme Court rule 70A which fixes the period for presenting and filing bills of exceptions in criminal cases, and therefore subdivision 5 of Rule 8 certainly could justify a waiver of strict compliance with any other rule of this court.

The Civil Practice Act is supposed to be remedial, and section 4 thereof not only provides for its liberal construction, but also directs that controversies shall be determined according to the substantive rights of the parties, and provides that the rule that statutes in derogation of the com-

mon law must be strictly construed shall not apply to the Civil Practice Act or to the rules made pursuant thereto.

I believe that the fact that the evidence clearly shows the guilt of the accused has somewhat deflected the views of the majority of the court as to when a bill of exceptions may be considered, when filed but not signed within the time fixed by the court for its filing. Of course, the law provides that the guilty shall have the same advantage of the law as the innocent, and there cannot be one method of proceeding for the one and a different method for the other. The rule announced in the present opinion if applied in all cases might result in great injustice by the application of technical rules, contrary to the purpose and intent of the revised practice.

Mr. JUSTICE CRAMPTON joins in the foregoing special concurrence.