(No. 30964.—

THE PEOPLE *ex rel.* Charles Pignatelli, Petitioner, *vs.*
HAROLD WARD, Judge, Respondent.

*Opinion filed Sept. 22, 1949—Rehearing denied November 21, 1949.*

ROMAN E. POSANSKI, (WM. SCOTT STEWART, of counsel,) both of Chicago, for petitioner.

HAROLD G. WARD, *pro se,* (JOHN S. BOYLE, State's Attorney, and JOHN T. GALLAGHER, of counsel,) all of Chicago, for respondent.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The petitioner filed an original petition in this court for a writ of *mandamus* directed to the respondent who is a judge of the superior court of Cook County, and who, as ex-officio judge of the criminal court of that county, presided over the trial of petitioner. There is involved the question of the right to require the certification of a proffered bill of exceptions.

Petitioner was convicted on a felony charge and respondent entered judgment against him on August 13, 1948. By rule 70A of this court (Ill. Rev. Stat. 1947, chap. 110, par. 259.70A) the petitioner was required to file his certified bill of exceptions not later than fifty days

following the entry of judgment. This made the last day October 2, 1948. On September 20, 1948, the petitioner appeared before James McDermott who was the chief justice of the criminal court. The transcript of the record simply shows this entry: "September 20. Judge McDermott. Parties present by counsel. Bill of exceptions presented in open court and leave granted to file in 30 days." On October 18, 1948, the following entry was made by Judge McDermott: "Parties present. Bill of exceptions filed in open court. Leave given to withdraw bill of exceptions."

The withdrawn bill of exceptions was turned over to the assistant State's Attorney who had charge of the case against petitioner, for examination in respect to completeness and correctness as a condition precedent to joining in any stipulation to submit the original to this court. This was done to comply with a requirement laid down by the State's Attorney. The examination was made and the bill of exceptions was approved by that official.

Thereafter, on December 3, 1948, the petitioner appeared before the respondent as the trial judge and asked for his certification of the bill of exceptions. On December 8, the respondent conducted a hearing and all the involved parties were present and were heard at length. He refused his certification on the ground he lacked jurisdiction to certify, basing his stand upon the decision of this court in *People* v. *Kidd,* 401 Ill. 230. The petitioner urged then, and now urges, the inapplicability of that decision because of the alleged material difference in facts.

The verified petition contains this averment: "On September 20, 1948, Judge Ward had been transferred back to the civil courts and upon diligent inquiry was not to be found in Cook County. Judge Ward has been assigned to the civil courts since September 1, 1948, where he now sits." The verified answer of respondent in respect to the above reads, "This respondent admits that he was not

holding court in either the Criminal Court or the Superior Court of Cook County on September 20, 1948, but denies that he was absent from the City of Chicago, County of Cook, Illinois, or that he was not available or that he could not be found in Cook County on September 20, 1948 or on any day between September 20, 1948 and October 20, 1948, or between August 13, 1948 and October 20, 1948 except for the following periods: Absent from October 6, 1948 to October 9, 1948, and from October 13, 1948 to October 16, 1948. This respondent denies that any effort was made to contact him or to obtain a legal order from him * * * between August 13, 1948 and October 20, 1948 which was the last day for approving and filing a bill of exceptions in said case." To this answer no reply was ever made by the petitioner.

The statute regulating the practice in *mandamus* cases is inapplicable to such practice in this court, but we have held that practice here will be made to conform with the practice in trial courts when possible. (*People ex rel. Huff* v. *Palmer,* 356 Ill. 563.) A proceeding for a writ of *mandamus* is an action at law, the pleadings therein being governed by the same rules applying to other actions at law. (*People ex rel. Meade* v. *Board of Review,* 329 Ill. 388.) The petition stands as a complaint and must present a *prima facie* case, and the return stands as an answer thereto. (*People ex rel. Harless* v. *Hatch,* 33 Ill. 9; *Silver* v. *People ex rel. Whitmore,* 45 Ill. 224.) *Mandamus* is an extraordinary remedy, and the petitioner must adduce proof in support sufficient to show a clear right to the writ. (*People ex rel. Dunderdale* v. *City of Chicago,* 327 Ill. 62.) Facts charged in the petition but denied by the respondent must be proved by the petitioner; if not denied they stand admitted. Facts alleged in the answer in avoidance of the charge made when not denied by the petitioner are admitted, but when denied they must be proved by the respondent. (*People ex rel. Yarrow* v. *Lueders,* 287 Ill.

107.) This court will not use a writ of *mandamus* to compel a party to perform an act unless it is affirmatively made to appear that it is his clear duty to do so; the petitioner must establish every material fact necessary to show the plain duty of the respondent before courts will interfere. (*Bengson* v. *City of Kewanee,* 380 Ill. 244.) No intendments will be indulged in to support the issuance of the writ.

The petitioner does not contend the respondent was without the district (Cook County,)—just that he could not be found therein by diligent inquiry. The transcript of the proceedings before the respondent on December 3 and 5 discloses the extent of the inquiry made for respondent, *i.e.,* on September 20 the petitioner called the superior court and wanted to know if respondent was sitting. Being told by someone that he was not, the petitioner went before Judge McDermott.

Rule 70A of this court sets forth the steps which should have been taken, and their order, in obtaining the certification precedent to the filing of the bill of exceptions in the petitioner's case. Once having the bill of exceptions ready within the prescribed time limitation, his first task was to ascertain if the respondent was within the district. When he was found to be within the district, the petitioner must also ascertain whether respondent was sick or disabled to an extent that would prevent submission of the bill of exceptions to him. The respondent, after ascertaining the bill to be correct, would certify it, then return it to him. Petitioner would then file the certified bill of exceptions with the clerk of the trial court, so that officer could incorporate it in the record for review.

Petitioner had two objectives in mind when appearing before Judge McDermott on September 20, to present his bill of exceptions, and to obtain a 30 days' extension of the limitation within which to file the certified bill of excep-

tions. The propriety of his appearance for the first purpose depended upon the nonavailability of the respondent. The undenied facts show the respondent was available that day, and the incomplete effort made by the petitioner to locate him does not constitute the diligent effort allegedly made. The rule does require the presentation to the trial judge if he be available within the circumstances stated therein. This will not be satisfied by *pro forma* compliance; the rule calls for that diligent effort which will demonstrate the unavailability of the trial judge. Until such is established, another judge cannot be considered available under the rule.

Assuming for sake of discussion that Judge McDermott did, by the entry of September 20, grant a valid extension of time, the extended time expired long before the petitioner appeared before respondent in December, and petitioner relies upon the entry of October 18 to save him from the adverse effects of the application of the rule. According to the entry the bill of exceptions was actually filed, though it had not been certified by the trial judge. Whether it was considered filed only before the judge, or in his court, makes no difference for the purpose of this decision. The rule makes no provision for the filing of the bill of exceptions with the judge, be he the trial judge or otherwise. The filing is to be in the trial court, *i.e.*, with the clerk of the trial court. The bill of exceptions when certified according to the rule cannot be filed unless it is deposited with, and stays in the exclusive custody and control of the clerk, who has understandingly received the same. Then it becomes a permanent record in his office. (*Hamilton* v. *Beardslee*, 51 Ill. 478; *Gietl* v. *Drainage District No. 1*, 384 Ill. 499.) In the civil case of *Zbinden* v. *DeMoulin*, 328 Ill. 156, under the Practice Act of 1907, we held that a bill of exceptions does not become a part of the record until it is filed with the clerk of the trial

court, *i.e.,* in his actual possession. In *Lukas* v. *Lukas,* 381 Ill. 429, another civil case, this one involving the application of Rule 36 anent the requirements for filing reports of proceedings in appeals, we said the report of proceedings does not become a part of the record by mere presentation to the trial judge. The reasoning in the last two cases we believe is applicable to the instant factual situation although it arises in a criminal matter. The entry of October 18 evidencing the alleged filing was a nullity.

The respondent could not, even though he was the trial judge, certify the bill of exceptions because it was never presented to him within the time limitation, *i.e.,* eighty days from the entry of judgment, although he was available; and the bill of exceptions had to be certified prior to its filing and the extended time therefore had long expired when the petitioner appeared before him in December to have his bill certified.

The case of *People* v. *Kidd,* 401 Ill. 230, again laid down the general rule that a tendered bill of exceptions does not become a part of the record until it is filed. The case also holds that the order of another judge of the district permitting the filing of the bill of exceptions without prior presentation to and certification by the trial judge, if available, does not constitute an extension of time for the filing thereof. To the extent mentioned, the *Kidd case* applies to the instant one.

The petitioner has failed to establish his right to have the writ issue. The petition is denied.

*Petition denied.*