(No. 36859.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHESTER DUDZINSKI, Plaintiff in Error.

*Opinion filed February 1, 1963.*

McCoy, MING & LEIGHTON, of Chicago, (GEORGE N. LEIGHTON, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant was indicted for obtaining money from Chris Lovende by means of the confidence game. He was

tried before a jury, found guilty and sentenced to the penitentiary for a minimum of three and maximum of eight years. The defendant's sole contention here is that he was not proved guilty beyond a reasonable doubt.

The People filed a motion in this court to affirm the judgment of conviction on the ground that the bill of exceptions was not certified within the time provided for by Rule 65 of this court. We denied this motion since we preferred to deal with this contention in an opinion. The defendant was represented before the trial court by counsel of his own selection. On this appeal he is represented by different counsel, also of his own selection.

The judgment of conviction was entered on October 14, 1960. Under Rule 65 of this court the time for obtaining certification of and filing a bill of exceptions would have expired 100 days thereafter, or on January 22, 1961. On December 21, 1960, the court entered an order extending the time for filing the bill of exceptions to January 26. On that date the defendant filed a motion for a further extension to February 26, 1961, alleging that the court reporter had not as yet completed typing the record. This motion was denied and the court ordered that a *mittimus* issue forthwith. The next order appearing in the record is an order of May 5, 1961, staying the issuance of the *mittimus* and extending the time for filing the bill of exceptions to June 6, 1961. The defendant's counsel allowed this extension to lapse, but obtained by agreement with the State's Attorney's office an order on June 13 entered *nunc pro tunc* as of June 6, extending the time for filing the bill of exceptions to June 30. On that date the time was extended to August 8 at which time the cause was continued to August 9. The trial judge signed the bill of exceptions on August 9 and ordered it filed *nunc pro tunc* as of June 27. An assistant State's Attorney was present at this time, but he did not object to the court's certification of the bill of exceptions.

Under Rule 65 of this court a bill of exceptions in a

criminal case must be certified and filed within 100 days following the judgment of conviction or within any extended period granted by the trial judge within the 100 days or extensions thereof. Any order purporting to extend the time for filing a bill of exceptions entered after the expiration of either the 100 days or any proper extension thereof is totally ineffective. *People* v. *Kidd,* 401 Ill. 230; *People* v. *Keller,* 353 Ill. 411; *People* v. *Shockey,* 25 Ill.2d 528.

The original 100 days expired on January 22 and this time was properly extended to January 26. Within this extended period the defendant sought to obtain a further extension, but this extension was denied by the trial judge. It is the defendant's position that the record of the proceedings held on January 26 and the days following discloses an adequate basis for the court's certification of the bill of exceptions on August 9, 1961. According to the defendant the bill of exceptions should have been filed *nunc pro tunc* to January 26. We cannot agree with this contention. In denying the defendant's motion for an extension on January 26 the court noted that "The Appellate Court or the Supreme Court whichever it is, has got jurisdiction and from here on you'll be addressing yourself to the Appellate or Supreme Court, not to me." Nevertheless, the defendant did thereafter ask for and obtain further extensions from the trial court, one of which he allowed to lapse. The defendant did not, however, even ask that any of these orders extending the time within which to file a bill of exceptions be entered *nunc pro tunc* to January 26. The defendant has not pointed to anything specific in the record that would support these extensions, but simply states that it is "within the scope of possibility" that the trial judge "could have found a record basis" for them. There is nothing in the record prior to January 26 upon which these subsequent extensions could be based, and they are, therefore, totally void. The fact that the State's Attorney failed to object at the time the order allowing the bill of exceptions to be filed

was entered and consented to certain of the time extensions cannot "confer upon the court jurisdiction to act where no power is in the court to act." *Reif* v. *Barrett,* 355 Ill. 104, 126.

The bill of exceptions is therefore not properly a part of the record and cannot be considered by us. The only errors assigned that relate to the sufficiency of the evidence as shown by the bill of exceptions are not, therefore, open to our consideration. (*People* v. *Kobley,* 390 Ill. 565.) The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*